Bell, J.
 

 The single question presented by this record is whether the allegation's of the petition and the
 
 *679
 
 evidence introduced in support thereof entitled the plaintiff to have her cause submitted to a jury.
 

 The authorities are not in harmony on the question whether the owner of an apartment building owes a duty to the tenants thereof to remove from the common approaches thereto ice and snow caused by natural elements. In some states it is held that he does owe such a duty. See
 
 Reardon
 
 v.
 
 Shimelman,
 
 102 Conn., 383, 128 A., 705, 39 A. L. R., 287;
 
 Thompson
 
 v.
 
 Resnik,
 
 85 N. H., 413, 159 A., 355;
 
 Boyle
 
 v.
 
 Baldowski,
 
 117 N. J. Law, 320, 188 A., 233;
 
 Robinson
 
 v.
 
 Belmont-Buckingham Holding Co.,
 
 94 Colo., 534, 31 P. (2d), 918.
 

 In others it is held that he does not owe such a duty. See
 
 Martin
 
 v.
 
 Rich,
 
 288 Mass., 437, 193 N. E., 21, 97 A. L. R., 217;
 
 Gianpaola
 
 v.
 
 Paoli,
 
 129 N. Y. Supp., 180;
 
 Boulton
 
 v.
 
 Dorrington, Admr.,
 
 302 Mass., 407, 19 N. E. (2d), 731;
 
 Rosenberg
 
 v.
 
 Chapman Natl. Bank,
 
 126 Me., 403,139 A., 82;
 
 Roman
 
 v.
 
 King,
 
 289 Mo., 641, 233 S. W., 161, 25 A. L. R., 1263;
 
 McGinley
 
 v.
 
 Alliance Trust Co.,
 
 168 Mo., 257, 66 S, W., 153, 56 L. R. A., 334, and cases cited.
 

 However, there seems to be no great variance of opinion upon the proposition that an owner may obligate himself to perform such duty by contract either express or implied by a course of conduct. See
 
 Looney
 
 v.
 
 McLean,
 
 129 Mass., 33, 37 Am. Rep., 295;
 
 Nash
 
 v.
 
 Webber,
 
 204 Mass., 419, 90 N. E., 872;
 
 Caruso
 
 v.
 
 Lebowich,
 
 251 Mass., 477, 146 N. E., 699.
 

 Here the uncontroverted evidence discloses that the owners were in complete possession and full control of the common approaches; that for the period of several years before the accident they had assumed the duty of keeping, the common approaches, which furnished ingress to and egress from the ■ building, clear and free from ice and snow; that they kept the proper tools as well as a barrel of salt on hand for that purpose; and that the day prior to the plaintiff’s injury
 
 *680
 
 they had cleaned the common approach upon which her injury occurred.
 

 It is urged by the plaintiff that we are called upon here to accept or-reject the so-called Massachusetts rule. We do not think that the facts presented call for the declaration of any new principle of law. As we view the situation the principle announced in the case of
 
 Davies, a Minor,
 
 v.
 
 Kelley,
 
 112 Ohio St., 122, 146 N. E., 888, is dispositive of this case.
 

 Paragraph one of the syllabus reads as follows :
 

 “If the owner of a house leases a portion of it, to which access is had by way of halls, stairways
 
 or other approaches,
 
 to be used by such tenant in common with the owner or tenants of the other portions of the premises and retains the possession and control of such halls, stairways
 
 or other approaches,
 
 it is his duty to exercise ordinary care to keep the same in a reasonably safe condition.” (Emphasis added.) See, also,
 
 Rice
 
 v.
 
 Ziegler,
 
 128 Ohio St., 239, 190 N. E., 560.
 

 That case is in harmony with the. general rule and supported by the weight of authority.
 

 True the
 
 Kelley case
 
 involved a defective railing around a porch and outside stairs to a building. However, if the landlord owes the duty to keep the approaches in a reasonably safe condition, he cannot escape liability upon the theory that the unsafe condition is the result of natural causes.
 

 In
 
 Reardon
 
 v.
 
 Shimelman, supra,
 
 at page 388, the Supreme Court of Errors of Connecticut said:
 

 “The duty of the landlord being to exercise reasonable care to prevent the occurrence of defective or dangerous conditions in the common approaches, the fact that a particular danger arose from, the fall of snow or the freezing of ice can afford no ground of distinction. Indeed, the causes which are at work to produce it are no more natural causes than are those which, more slowly, bring about the decay of wood or the rusting
 
 *681
 
 of iron. To set apart this particular source of danger is to create a distinction without a sound difference.” See, also,
 
 Mackin
 
 v.
 
 Last,
 
 127 N. J. Law, 37, 21 A. (2d), 345;
 
 Berthiaume
 
 v.
 
 Kessler,
 
 86 N. H., 305, 167 A., 273.
 

 In the case of
 
 Massor
 
 v.
 
 Yates,
 
 137 Ore., 569, 3 P.(2d), 784, it is said:
 

 “If it is the duty of a landlord to make repair of structural defects, of which he has notice, in a common passageway, it is difficult to see why he is not likewise under duty to remove snow or ice accumulated on steps under such circumstances as to become dangerous to the different tenants obliged to use the entranceway.”
 

 In the
 
 Boyle case, supra,
 
 the second paragraph of the syllabus reads as follows:
 

 “In an action against the owners of an apartment house for injury sustained by a tenant, in using the entrance steps, in consequence of snow underlaid with ice upon the steps, the mere fact that the plaintiff noticed soft snow upon the steps on her way out, without knowledge that it was underlaid with ice, will not defeat her action for injury caused by the presence of ice upon the steps.”
 

 In the case of
 
 Robinson
 
 v.
 
 Belmont-Buckingham Holding Co., supra,
 
 the Supreme Court of Colorado said:
 

 “Defendant contends that the duty of a landlord to make general repairs does not extend to temporary obstructions arising from natural causes, such as accumulations of ice or snow, but surely defendant would not expect this necessary labor to devolve upon the
 
 tenants
 
 of a large apartment house. The fact that the defendant company itself had a broader conception of its duties than this is apparent from the testimony of its president and general manager; that it failed in the exercise of its duty presents another question. To agree with defendant on this point of its liability would
 
 *682
 
 place thousands of city residents in jeopardy and would be inimical to modern urban life.”
 

 We entertain the view that, upon reason and authority, where, in a case such as the instant one, the landlord of an apartment building was in actual possession and control of the common approaches thereto and for a long period of time prior to the date of an injury to a tenant had assumed the duty of keeping such common approaches clean and free from ice and snow, and where the evidence discloses at least ten hours had elapsed between the time of the snow fall and the time of the accident, such facts present a jury issue.
 

 The trial court was of opinion that when plaintiff went out in low-heeled slippers, commonly called bedroom slippers, she assumed whatever risk was connected with that method of travel on a walk that was covered with snow.
 

 That plaintiff knew there was a light covering of snow upon the walk is undisputed, however there is no evidence to support a conclusion that she knew of the patches of ice beneath the snow, hence it was error to'conclude as a matter of law that she was precluded from recovery under the doctrine of assumed risk. The fact that plaintiff knew of the covering of snow upon the approach did not require that she stay in her apartment. Using such approach with her feet clad in low-heeled slippers did not as a matter of law charge her with assumption of risk. The fact that she went upon the walk in low-heeled slippers knowing it was covered with snow might be urged in considering an issue of contributory negligence.
 

 We do not think that the doctrine of assumed risk has any application to the situation presented, nor do we think it can be said as a matter of law that plaintiff was guilty of contributory negligence. The question whether the defendants were guilty of negligence, as
 
 *683
 
 well as the question whether the plaintiff was guilty of contributory negligence, is one of fact. Therefore the trial court erred in directing a verdict and entering judgment for defendants, and the Court of Appeals erred in affirming that judgment.
 

 For the reasons stated the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for a new trial.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Zimmerman, Williams and Matthias, JJ., concur.
 

 Turner and Hart,
 
 JJ.,
 
 dissent.