KWAIT ET AL., APPELLANTS, *v.* JOHN DAVID MANAGEMENT CO. ET AL., APPELLEES.

(No. 3328—Decided December 19, 1974.)

*Messrs. Stewart & DeChant,* for appellants.
*Mr. John A. Murphy, Jr.,* for appellees.

Day, J. Plaintiff-appellants, Mae Kwait and Ralph Kwait (plaintiffs), allege that Mae Kwait was a tenant in an apartment complex owned and operated by defendant-appellees, John David Management Company and others (defendants) during the winter months of 1972-1973.

On March 23, 1973, plaintiff, Mae Kwait, was returning from a shopping trip when she slipped and fell on a walkway surrounding one of the buildings within the complex. She alleges that the fall was caused by an accumulation of ice which was hidden under the wet surface of the walkway and there was a duty on the part of the defendants to remove the ice.

Each party propounded interrogatories to the other. Defendants moved for summary judgment alleging there was no duty on their part to plaintiffs. Plaintiffs responded alleging that defendants in the past had cleared accumulations of snow and kept equipment for that purpose and, thereby, established a course of conduct giving rise to a duty. Additionally, appellant alleged by way of exhibit from the United States Department of Commerce, National Oceanic and Atmospheric Administration, that the last "trace"[1] of precipitation was over 20 hours previous to the fall and the last measureable snowfall was five days previously. There was also an allegation that the way in which the snow was removed and piled along the sidewalk was negligent because with a change of temperature the snow would melt onto the sidewalk and then freeze, as it subsequently did, when the temperature dropped.

On the basis of the pleadings, the interrogatories, briefs, the affidavit and exhibit of plaintiffs the trial court granted summary judgment for defendants from which appellant appeals assigning as error:

"Trial court erred in sustaining defendants' motion for summary judgment."

---

[1]Appellants use the word trace presumably in lieu of the Department of Commerce symbol "T" which is defined as ". . . an amount too small to measure."

A successful motion for summary judgment rests on two foundations. There must be "no genuine issue as to any material fact" and "the moving party [must be] entitled to judgment as a matter of law."

In the present case these twin considerations are intertwined. The complaint alleges that the defendants "caused" the fall and injury to Mae Kwait giving rise to causes of action in her and her husband. If this "cause" is "legal" cause generated by facts either established or subject to proof, then summary judgment for the defendant is inappropriate. On the other hand, if there is no genuine issue of material fact and the established facts will not support legal cause as a "matter of law", summary judgment is proper.

The "facts" underlying the "cause" must be gleaned from the pleadings, answers to interrogatories, the weather report, and the affidavit of Mae Kwait. The plaintiffs are the parties moved against and are entitled to have the evidence construed muost strongly in their favor [Civ. Rule 56 (C)].

Following the "most strongly" rule of construction, the plaintiffs have alleged and attempted to support their case by showing:

(1) That an icy condition in a common way was caused by the landlords (defendants) undertaking to clear the walks of snow and doing so without the application of ordinary care. The fault lay in the piling of the removed snow and failing to take account of the consequences of thawing and freezing to form ice endangering users of the common way, and

(2) that the landlords' (defendants') business office was in sight of the place of the fall so that the defendants knew or should have known from observation that the sequence of events from the piling of frozen snow to thaw, freeze and covering with water would create the condition which caused Mae Kwait's injury.[2]

---

[2]This is a considerably more detailed statement than that made by the complaint and papers available on consideration of the motion for summary judgment. However, the inferences from the complaint, answers to interrogatories, Mae Kwait's affidavit and the official

Clearly, there are factual questions with respect to the defendants' actions, lack of action and notice. These alone would justify denying summary judgment if the claimed action or inaction of the defendants were of sufficient legal import to pose a question for a jury. However, the defendants' motion for summary judgment raises the further question whether there is any basis for legal liability justifying submission of issues to a jury even if the plaintiff could prove what they allege in their complaint and attempt to support by other documents in the case relevant to factual questions. In this sense the motion for summary judgment has a kinship to a motion to dismiss.

The Ohio law on the legal issues is much clearer than its application is easy. For example, it is quite clear in Ohio that a natural accumulation of ice and snow without more, will not found liability in a negligence action by a tenant against a landlord, *Turoff* v. *Richman* (1944), 76 Ohio App. 83, 87-89; cf. *Straley* v. *Keltner* (1959), 109 Ohio App. 51, 56; *DeAmiches* v. *Popczun* (1973), 35 Ohio St. 2d 180-184; or a customer against a storekeeper, *Martinelli* v. *Cua* (1962), 115 Ohio App. 151, 152; see *Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St. 2d 38 at 41, where it is said:

"The mere fact standing alone that the owner or occupier has failed to remove natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon."

However, in *Debie* the Supreme Court pointed out that the storekeeper-customer case—

". . . is different from a landlord-tenant situation, e. g., *Oswald* v. *Jeraj*, 146 Ohio St. 676, where the action is by the tenant, and the landlord has undertaken to move snow and ice with a reasonable time." *Id.* p. 41.

In *Oswald* v. *Jeraj* (1946), id. 677, there was no dis-

___

weather report published by the National Oceanic and Atmospheric Administration, "construed strongly," tend to support this description of the plaintiffs' contentions.

pute "upon the proposition that the defendants had always assumed the duty of keeping the approach to the building clean and free from snow and ice." The approach was a common one. After a light snow the plaintiff travelled the common area twice without incident but fell on a third crossing. Her clothing brushed snow from the walkway and she found "small patches of ice beneath the snow." The Supreme Court of Ohio held that the trial court erred in directing a verdict and reversed and remanded for a new trial.

At one point in the opinion the *Oswald* court seemed to classify unsafe conditions from natural causes as posing liability in terms no different from unsafe conditions from any other failure in the duty to exercise ordinary care saying *Davies, a Minor, etc.,* v. *Kelley* (1925), 112 Ohio St. 122 was "dispositive" of the case and adding:

"True the *Kelley* case involved a defective railing around a porch and outside stairs to a building. However, if the landlord owes a duty to keep the approaches in a reasonably safe condition, he cannot escape liability upon the theory that the unsafe condition is the result of natural causes." *Oswald* v. *Jeraj, id.* 680.

Later in the opinion the court narrowed the scope of the rule applicable to the *Oswald* facts stating the principle at page 682.

". . . where, in a case such as the instant one, the landlord of an apartment building was in actual possession and control of the common approaches thereto and for a long period of time prior to the date of an injury to a tenant had assumed the duty of keeping such common approaches clean and free from ice and snow, and where the evidence discloses at least ten hours had elapsed between the time of the snow fall and the time of the accident, such facts present a jury issue."[8]

In our view, the inference from the facts alleged and

---

[8] References in later opinions by the Supreme Court of Ohio support the more restrictive view of the *Oswald* principle. See *Debie* v. *Cochran Pharmacy-Berwick, Inc., supra* at 41 and *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, 49.

supported by the pleadings, affidavits, answers to interrogatories and the weather report submitted by the plaintiffs in this case raise issues of fact which if sustained by the trial evidence would activate principles of assumption of duty and notice. Those principles support a legal duty of portent sufficient for a jury question.

Although the generality of the complaint leaves something to be desired, with the supporting documents it states causes of action. The resolution of those causes involve genuine and material issues of fact. These factual issues, when and if supported by evidence of assumption of duty and notice, would pose questions for jury resolution under proper instructions from the trial court.

The assignment of error is well taken. Reversed and remanded for further proceedings according to law.

*Judgment reversed.*

JACKSON, P. J., and CORRIGAN, J., concur.