McCORNELL, Appellant,

v.

BRIDGES et al., Appellees.

[Cite as *McCornell v. Bridges* (1997), 124 Ohio App.3d 610.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71988.

Decided Dec. 29, 1997.

PATTON, Judge.

Plaintiff-tenant Lorainne McCornell brought this negligence action against defendant-landlords Florence and Levy Bridges alleging they negligently failed to salt the driveway of their rental property after first using a snow blower to remove two inches of snow. The trial court apparently rejected plaintiff's claim that defendants had an implied duty to salt the driveway based upon a prior course of conduct and granted summary judgment. The sole assignment of error contests this ruling.

The following facts are viewed in a light most favorable to plaintiff. See Civ.R. 56(C). Plaintiff rented the lower portion of a duplex owned by defendants. She left her apartment to visit her sister. At the time she departed for her sister's residence, no snow had fallen. Plaintiff remained at her sister's house for about four hours, during which time it began to snow. Snow fell as plaintiff left her sister's house, and she arrived at her apartment without incident. At the time she parked her car, she estimated "about an inch or two" of snow had accumulated, but defendant had used a snowblower to remove snow from the driveway. Plaintiff noticed that defendant had not salted the driveway, so she "walked very carefully * * * because I noticed that, you know, it was—looked like it could have been very slippery * * *."

Plaintiff entered her apartment, turned on her television set and had a bite to eat. About an hour later, she noticed a winter weather advisory being broadcast on the television and decided to go out to her car and set the column lock on her car. She successfully set the lock and turned to go back inside. As she came around the back of her car, she slipped and fell, injuring her knee.

Summary judgment shall not be rendered unless it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. See Civ.R. 56(C). In order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and injury proximately resulting therefrom. *Fed. Steel & Wire Corp. v. Ruhlin* (1989), 45 Ohio St.3d 171, 173, 543 N.E.2d 769, 772. Generally speaking, a landowner has no duty to remove natural accumulations of ice and snow because "the dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover and protect himself

against them." *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph two of the syllabus. This rule applies regardless whether injuries are sustained by a business invitee or a tenant.

Plaintiff argues that defendants impliedly created a duty to salt the driveway because they had done so in the past. To support her argument, she cites the first paragraph of the syllabus to *Oswald v. Jeraj* (1946), 146 Ohio St. 676, 33 O.O. 162, 67 N.E.2d 779, which states:

"The owner of an apartment building who reserves possession and control of the common approaches which provide ingress to and egress from such building to and from the public sidewalk and who assumes the duty of keeping such approaches clean and free from ice and snow is required to exercise ordinary care to render such common approaches reasonably safe for use by the tenants."

In *LaCourse v. Fleitz* (1986), 28 Ohio St.3d 209, 210–211, 28 OBR 294, 295–296, 503 N.E.2d 159, 160–161, the court found any distinction between a business invitee and a tenant immaterial—"[w]here the lease itself imposes no contractual duty on the landlord to clear accumulated ice and snow from the common areas, we see no compelling reason to impose it judicially on a landlord when we have refused to recognize any such duty on the part of business owners and occupiers." *Id.* at 211, 28 OBR at 296, 503 N.E.2d at 161.

Plaintiff did not submit any evidence to show that she and defendants had any agreement concerning defendant's duty to salt the driveway. Absent such evidence, defendants owed no duty to remove the natural accumulations of snow and ice that formed on the driveway. As the court stated in *Brinkman v. Ross* (1993), 68 Ohio St.3d 82, 85, 623 N.E.2d 1175, 1177–1178:

"Living in Ohio during the winter has its inherent dangers. * * * However, we find that Ohio law imposed no such obligation [to shovel and salt a sidewalk as a courtesy to social guests] upon appellants, and we are unwilling to extend homeowner liability to cover slip-and-fall occurrences caused entirely by natural accumulations of ice and snow. To hold otherwise would subject Ohio homeowner to the perpetual threat of (seasonal) civil liability any time a visitor sets foot on the premises, whether the visitor is a friend, a door-to-door salesman or politician, or even the local 'welcome wagon.'"

Because plaintiff fully appreciated the dangers attendant to the freshly fallen snow, the trial court did not err by finding defendants did not breach any duty to salt the driveway. The assigned error is overruled.

*Judgment affirmed.*

MATIA, P.J., and PORTER, J., concur.