DECISION AND JOURNAL ENTRY
Pursuant to a motion by Patricia Owens ("Patricia") and Eugene Owens (collectively "the Owens"), the Wayne County Court of Common Pleas vacated its prior grant of summary judgment to French Village Company, R.R. Buescher, Carol Buescher, and Donald Porter (collectively "French Village") on a negligence claim brought by the Owens against French Village. The court then denied French Village's original motion for summary judgment. French Village has appealed from the vacation of judgment, and from the reconsideration of the prior grant of summary judgment. French Village has asserted that the trial court erred (1) by vacating its prior grant of summary judgment, which had been affirmed on appeal; and (2) by failing to reaffirm summary judgment for French Village.
 I
Patricia's mother, Ruth Dalessandro ("Dalessandro"), was a resident of French Village Apartments. Patricia visited her mother shortly after a heavy snowstorm. To reach her mother's apartment, Patricia walked across a snow-covered sidewalk that served as the only entrance to Dalessandro's apartment from the parking lot. A short time later, on her way back to the parking lot, Patricia slipped, fell, and injured herself. Contemporaneous pictures show a sidewalk, with deep snow on both sides, which appears to be partially cleared or trampled.
The Owens filed a negligence action against French Village. The Owens claimed that French Village only partially cleared the snow from the sidewalk and thus created a dangerous and unnatural accumulation of snow and ice. As a result, according to the Owens, French Village was liable for the injuries Patricia suffered, and for the loss of consortium by her husband. In addition, the Owens asserted that French Village's failure to completely clear the sidewalk was a violation of its duties as a landlord, pursuant to R.C. 5321.04, to keep all walkways in a safe condition.
As date for the trial approached, French Village moved for summary judgment on all counts. The court established an April 3, 1998 deadline for submission of all briefs on the matter. On April 3, 1998, the Owens filed their opposition to French Village's motion for summary judgment. The document was time stamped by the Wayne County Clerk of Court, but was not docketed.
On April 28, 1998, the trial court granted summary judgment to French Village. In relevant part, the judgment said:
 Pursuant to Rule 56(E), an adverse party to a motion for summary judgment may not rest upon the mere allegations or denials of his pleading but must respond, by affidavit or otherwise * * * . Absent such a response, a motion for summary judgment, if appropriate, shall be entered against him. After reviewing defendant, French Village Company's memorandum, the applicable authorities, and the evidentiary materials properly before the Court, the Court finds that there are no genuine issues of material fact, and that * * * French Village Company is entitled to judgment as a matter of law.
 The Owens appealed from the grant of summary judgment in which the trial court dismissed their claims. On appeal, they argued that summary judgment was improper because the evidence demonstrated a genuine issue of material fact that French Village created an unnatural accumulation of snow, and as a result that it was liable for injuries that resulted from it. The Owens also "assert[ed] several grounds in opposition to the motion for summary judgment [that] were not raised before the trial court." Owens v. French Village Co.
(Aug. 18, 1999), Wayne App. No. 98CA0038, unreported, at 3. This court held that the accumulation of snow was natural, and that French Village owed no duty to the Owens to remove the accumulation of snow. Id. at 6. In addition this court noted that, the Owens' assertion to the contrary, the record did not contain any opposition from them to French Village's motion for summary judgment. We declined what then appeared to be an invitation to give the Owens "a second chance to raise arguments that they should have raised below." Id. at 3.
On September 7, 1999, pursuant to Civ.R. 60(B)(1), (2) and (5), the Owens moved the trial court to vacate its grant of summary judgment, based on the failure of the Wayne County Clerk of Courts to docket its opposition to summary judgment. Attached to the motion was a time-stamped copy of the Owens' opposition to the motion by French Village for summary judgment. The Owens had attached to their opposition to summary judgment a copy of the relevant National Weather Service report for the month of the accident, contemporaneous photographs of the sidewalk, and affidavits from Patricia's daughter Pamela Owens, and from Fred Rehm, maintenance consultant to French Village. The deposition of Pamela Owens was part of the record at the time the motion for summary judgment was granted. Any relevant information contained in her affidavit was already contained, in essence, in her previously filed depositions. The photographs were a joint exhibit and were before the court as part of French Village's motion for summary judgment.
In addition to the grounds asserted in their complaint, the Owens' opposition to summary judgment asserted a alternate basis for the duty they claim French Village owed Patricia. They asserted that because French Village had assumed the task of keeping the sidewalks clear of snow and ice during the winter months that it owed Patricia, a social guest of a tenant, a duty to do so with reasonable care. The Owens alleged that French Village only partially cleared the sidewalk, breaching its duty and making it liable for Patricia's resulting injuries. They supported this proposition with Rehm's affidavit that indicated he had been in charge of maintenance at French Village for twelve years, until one month before the accident. He averred that (1) his job included shoveling snow from sidewalks, (2) the proper way to clear a sidewalk is "completely shoveled clear of snow down to the concrete," (3) he followed this practice for 12 years, and (4) in the month after he retired from active maintenance work, he "received numerous calls from residents * * * regarding inadequate snow removal."
French Village filed a document captioned "Defendants' Memorandum in Opposition to Plaintiffs' Motion to Vacate." The document asserted that "Defendants have no objection on procedural grounds to this Court's reconsidering its summary judgment * * * [b]ut Defendant[s are] still entitled to summary judgment as a matter of law." It closed by requesting that the court "deny the motion to vacate."
The trial court vacated the judgment on September 29, 1999, and indicated that it intended to render judgment on the merits of the French Village's motion for summary judgment and the previously unconsidered response to that motion by the Owens. The court denied summary judgment to French Village on October 25, 1999. French Village filed its notice of appeal on October 29, 1999.
 II
Civ.R. 60(B)
French Village has asserted that the trial court improperly granted the Owens' motion to vacate its prior grant of summary judgment to French Village. In their motion to the trial court, the Owens requested relief from judgment because of "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); * * * or (5) any other reason justifying relief from the judgment." Civ.R. 60(B). The grant of a motion to vacate a judgment is left to the sound discretion of the trial court. Griffey v. Rajan (1987), 33 Ohio St.3d 75,77. It will not be disturbed on appeal, unless the trial court abused its discretion in granting the motion. Id.
In order to prevail on a motion brought pursuant to Civ.R. 60(B), the moving party must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A party seeking to vacate a motion need only allege a meritorious claim. Colley v. Bazell (1980), 64 Ohio St.2d 243, 247, fn. 3. It need not prove the truth of the claim in order to prevail. Id. However, a claim that is not valid as a matter of law, is not a meritorious claim. See Farmers Production Credit Assn. of Ashland v. Johnson (1986), 24 Ohio St.3d 69, 75.
The trial court granted the Owens' motion without articulating the basis for its action. French Village has not challenged the Owens' procedural right to move to vacate the judgment so we make no determination as to which subsection of Civ.R. 60(B) applies, or whether the Owens met the relevant time limit.[1] We review this matter solely as to whether the Owens alleged a meritorious claim as a basis for the granting of relief.
Natural Accumulation of Snow and Ice
On appeal, French Village has asserted that the affidavits attached to the Owens' rediscovered opposition to its motion for summary judgment "only reinforced the undisputed fact that Patricia Owens fell upon a natural accumulation of snow that had not been completely removed from the sidewalk." It has contended that the new evidence does not change the analysis already done by both the trial court and this court, and as a result that the Owens did not assert a meritorious claim to the trial court that would justify granting them relief. The Owens have countered that the "56(B) evidentiary materials contradict the Defendant's allegations that the snow and ice on which the Plaintiff fell were a natural accumulation." According to the Owens, this "contradiction" constitutes a meritorious claim, entitling them to relief from the judgment against them.
With respect to the nature of the accumulation, the affidavits merely reinforce other evidence already evaluated by both the trial court and this court. Both courts previously reviewed the photographs, and the report from the weather service added nothing relevant that was not already apparent from the photographs or from other evidence. In its grant of summary judgment the trial court determined, and on appeal this court agreed, that there was no genuine issue of material fact as to whether the snow on which Patricia slipped was a natural accumulation or an "unnatural" accumulation. It was a natural accumulation. Evidence that is merely cumulative cannot create a genuine issue of material fact where none previously existed. The additional affidavits do not constitute a meritorious claim that French Village created an unnatural accumulation of snow from which liability might attach for the injuries Patricia received.
Assumption of Duty
French Village urged us to reverse the judgment of the trial court on the sole basis that the new affidavits did not create a genuine issue of material fact under the theory previously considered by the court. The Owens, however, had suggested to the trial court an alternate basis for the existence of the duty they contend that French Village owed Patricia. French Village did not address whether the previously unconsidered argument might deprive them of their right to judgment as a matter of law. French Village cannot meet its burden of establishing that the trial court erred by demonstrating that a decision that might be valid based on either of two independent theories is not supported by one of the theories. The trial court clearly considered the alternate argument when it vacated the judgment and that alternate argument may have been the basis on which relief from judgment was granted.[2]
In their opposition to French Village's motion for summary judgment, and in their motion for relief from judgment, the Owens argued that French Village, by its past behavior, had accepted responsibility for clearing the snow and ice. For this proposition, they point to the Ohio Supreme Court decision inOswald v. Jeraj (1946), 146 Ohio St. 676. In that case, the court held that:
 The owner of an apartment building who reserves possession and control of the common approaches which provide ingress to and egress from such building to and from the public sidewalk and who assumes the duty of keeping such approaches clean and free from ice and snow is required to exercise ordinary care to render such common approaches reasonably safe for use by the tenants.
Id. at paragraph one of the syllabus.
The Owens have asserted that, pursuant to Shump v. FirstContinental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, any duty the landlord owes to its tenant it also owes to the social guest of that tenant. Shump is inapplicable to the instant case for two reasons. First, Shump imposed a duty on a landlord with respect to the guest of a tenant where none existed under the common law of premises liability. Under the common law of premises liability, the status of a party injured on the property of another governs the duty owed to the party by the owner/possessor of the property. Id. at 417. When the owner and the possessor of the property are different, the exclusive possessor of the property, rather than the owner, is the one who owes the duty to the trespasser, licensee, or invitee. Id. In those areas under the exclusive control of the tenant, in the absence of a duty imposed by the common law of premises liability, Shump determined that the duties the landlord owed to the tenant pursuant to statute or ordinance were also owed to the social guest of the tenant.[3] Id. In Sanders v. Bellevue Manor Apts. (Jan. 3. 1996), Lorain App. No. 95CA006067, unreported, at 5, this court declined to extend Shump to areas not under the exclusive control of the tenant, where the landlord already owed a duty to the guest of the tenant pursuant to the common law of premises liability.Id. In those areas, we implicitly held that the common law of premises liability governed. Id. at 4-5.
Second, Shump is inapplicable because the duty asserted by the Owens is not one created by statute or ordinance. The duty asserted by the Owens arises from an implied agreement, allegedly created because the landlord had regularly performed the task of clearing the ice and snow from the sidewalks. See Brooks v. Lee
(Dec. 4, 1995), Butler App. No. CA-95-05-091, unreported. Even ifOswald is still valid law,[4]
 [e]ach paragraph of the syllabus of the Oswald case is either limited to an action by the tenant against the landlord or to the duty owed by the landlord to the tenant. It is apparent that the duty of the landlord to the tenant as to removal of snow and ice was there based upon an implied agreement between them.
 Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 49. After observing that there was nothing to indicate that any implied agreement between the landlord and the tenant was intended for the benefit of the business invitee of the tenant, the Court concluded that the duty of the landlord to a business invitee was no greater than that imposed on any other occupier on portions of the property over which the landlord retained control. Id. at 49-50. With respect to the removal of ice and snow, the duties owed to a business invitee and to a social guest are identical. See Brinkman v. Ross (1993), 68 Ohio St.3d 82, 84. Whatever the classification of the injured party, there exists no duty to remove natural accumulations of snow or ice, or to make them less hazardous. Id. at 85-86.
The evidence that French Village had developed a pattern of clearing snow from the sidewalks, and failed to do so in this instance, might have constituted a meritorious claim based onOswald had it been Dalessandro, the tenant, who was injured. However, because Oswald is only potentially applicable with respect to actions by the tenant against the landlord because of an implied agreement between them, and because the injury occurred in an area not exclusively under the control of the tenant, the common law of premise liability applies. Based on the common law of premises liability the trial court previously found, and this court agreed, that French Village did not owe a duty to Patricia to clear the natural accumulation of snow from the sidewalks.Owens, Wayne App. No. 98CA0038 at 6.
 Summation
As to the nature of the accumulation of snow and ice, the evidence contained in the affidavits attached to the recently discovered opposition to French Village's motion for summary judgment is cumulative, and does not constitute a meritorious claim. With respect to the Owens' alternate basis for establishing that French Village's duty to Patricia, a social guest of the tenant, neither contract law nor the common law governing premises liability imposes on the landlord a duty to clear the sidewalk of ice and snow. The argument that French Village owed such a duty to the social guest of their tenant is unsupported by law and does not constitute a meritorious claim, on which liability can be premised. Because the Owens do not have a meritorious claim, as a matter of law, the trial court abused its discretion in vacating its prior grant of summary judgment. SeeFarmers Production Credit Assn. of Ashland, 24 Ohio St.3d at 75. French Village's first assignment of error is sustained.
Denial of Summary Judgment
An appeal may not be taken from the denial of a summary judgment because that order is interlocutory. See, generally,State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23. Here, however, because we have reversed the grant of relief from judgment, the original summary judgment regains effect as the final order. Our disposition of the first assignment of error by French Village makes the later reconsideration of summary judgment by the trial court a nullity. See Pitts v. Ohio Dept. ofTransportation (1981) 67 Ohio St.2d 378, paragraph one of the syllabus and 380. We do not consider the second assignment of error because it is moot.
 III
The first assignment of error by French Village is sustained because, with respect to the original theory of liability, the previously misplaced documents contained only cumulative evidence; with respect to the alternate theory the asserted duty is unsupported by law. The second assignment is as moot because of our disposition of the first assignment of error. The judgment of the trial court is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT BATCHELDER, P.J.
 CONCURS
CARR, J.
CONCURS IN JUDGMENT ONLY
[1] The Owens have asserted in their appellate brief in the instant case that they could not have known of the need to file a Civ.R. 60(B) motion earlier because, "Nothing in that Judgment Entry could have put Plaintiff's [sic] counsel on notice that the trial court had not received or reviewed the response brief of Appellees." The trial court stated that "an adverse party * * * must respond, by affidavit or otherwise * * *. Absent such a response * * * summary judgment, if appropriate, shall be entered against him. After reviewing * * * French Village Company's memorandum * * * the Court finds * * * defendant French Village Company is entitled to judgment as a matter of law." As we previously noted, "the trial court indicates in its judgment that it never received a response." Owens v. French Village Co. (Aug. 18, 1999), Wayne App. No. 98CA0038, unreported at 2, fn. 1.
[2] The judgment of the trial court did not explicitly state the basis for granting the Owens relief from judgment.
[3] Even if Shump extended to the guest all the statutory duties owed to the tenant by the landlord the Supreme Court of Ohio has held that R.C. 5321.04(A)(3) does not impose a duty on the landlord to keep common areas of leased premises free from natural accumulations of snow and ice. LaCourse v. Fleitz
(1986), 28 Ohio St.3d 209, syllabus.
[4] At least one district has questioned whether Oswald is still valid law, given the more recent decision in Brinkman v.Ross (1993), 68 Ohio St.3d 82. See Brooks v. Lee (Dec. 4, 1995), Butler App. No. CA95-05-091, unreported.