OPINION
Plaintiff-appellant, Catherine Eve (Eve), appeals two decisions rendered by the Mahoning County Court of Common Pleas whereby the trial court 1) entered summary judgment in favor of defendant-appellee Village Discount Pharmacy (Village Pharmacy) against Eve, and 2) entered a directed verdict against Eve in favor of defendants-appellees, Lou A. D'Apolito and Rosemary D'Apolito (the "D'Apolitos").
Village Pharmacy operates a retail pharmacy in a building owned by the D'Apolitos. On December 14, 1995, Eve was attempting to enter the Village Pharmacy in New Middletown, Ohio when she slipped and fell on a patch of ice on the sidewalk in front of the pharmacy.
Eve filed a negligence action against both the D'Apolitos and Village Pharmacy. Village Pharmacy filed for summary judgment March 25, 1996 arguing 1) that Village Pharmacy owed no duty to Eve, and 2) Eve had failed to protect herself from an open and obvious injury.
In response, the D'Apolitos filed a third-party complaint (cross claim) against Village Pharmacy on April 15, 1996 seeking indemnification and/or contribution for any money damages that Eve might recover. The D'Apolitos also filed for summary judgment against Eve. The trial court denied the D'Apolitos' motion for summary judgment on May 23, 1996.
The trial court granted Village Pharmacy's summary judgment motion on December 13, 1996. Thereafter, on January 6, 1997, the D'Apolitos filed a "motion for reconsideration" of their summary judgment motion. In a judgment entry filed December 18, 1997, the trial court overruled the D'Apolitos' motion for reconsideration. The D'Apolitos' third party complaint (cross claim) against Village Pharmacy remained pending.
On March 16, 1998, Village Pharmacy filed for summary judgment on the D'Apolitos' third-party complaint (cross claim). The trial court overruled Village Pharmacy's summary judgment motion on April 7, 1998.
Trial of the matter began April 26, 1999. At the close of Eve's case in chief, the D'Apolitos moved for a directed verdict against Eve, while Village Pharmacy moved for directed verdict against the D'Apolitos. The trial court overruled appellees' motions for a directed verdict. At the close of the D'Apolitos' case, the D'Apolitos and Village Pharmacy renewed their motions for a directed verdict. In a judgment entry filed April 30, 1999, the trial court granted a directed verdict in favor of both the D'Apolitos and Village Pharmacy and dismissed the case.
Eve filed timely notice of appeal May 20, 1999.
Eve's first assignment of error states:
 "THE TRIAL COURT COMMITTED ERROR IN SUSTAINING THE MOTION OF DEFENDANT-APPELLEE VILLAGE PHARMACY FOR SUMMARY JUDGMENT AS TO THE CLAIMS OF PLAINTIFF-APPELLANT."
In Eve's first assignment of error, Eve essentially argues that the trial court erred in granting Village Pharmacy's motion for summary judgment. Eve argues that there was a genuine issue of material fact as to whether or not Village Pharmacy breached a duty, which it owed to Eve.
Eve argues that Village Pharmacy breached a duty owed to her. Eve recognizes that as a general matter of law, liability cannot be imposed on a landlord or occupier of land for injuries resulting from natural accumulations of ice and snow. However, Eve points to Oswald v. Jeraj
(1946), 146 Ohio St. 676, for the proposition that there is a recognized exception to this rule that where the landlord or occupier of land assumes the duty to keep areas free from ice and snow, breach of that duty gives rise to liability in negligence.
Eve cites to paragraph seven of the lease between Village Pharmacy and the D'Apolitos which states that Village Pharmacy will, "clean the snow and ice from any sidewalks or other areas contiguous to the demised premises at its own expense." As such, Eve contends that because Village Pharmacy expressly assumed the duty of cleaning off any snow and ice accumulation, the trial court should have recognized that a genuine issue of material fact existed as to whether or not Village Pharmacy breached a duty to Eve.
The Ohio Supreme Court set out the standard for considering motions for summary judgment in Dresher v. Burt (1996), 75 Ohio St.3d 280 . The court stated:
 "We hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis sic.) Id. at 293.
Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsons v. Flemming (1994),68 Ohio St.3d 509, 511. When reviewing a summary judgment case, appellate courts are to apply a de novo standard of review. Cole v. AmericanIndus. and Resources Corp. (1998), 128 Ohio App.3d 546, 552.
Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc. (1995),104 Ohio App.3d 598, 603, citing Turner, supra, and Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 247-248. In determining whether a genuine issue of material fact remains to be litigated, the court must turn its attention to the substantive law of the claim being litigated. Eve's action against Village Pharmacy arises in negligence. The essential elements of negligence are a duty, breach of duty, and injury resulting proximately therefrom. Strother v. Hutchinson (1981), 67 Ohio St.2d 282.
In Ohio, an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the private sidewalks on the premises, or to warn the invitee of the dangers associated with such natural accumulations of ice and snow.Brinkman v. Ross (1993), 68 Ohio St.3d 82, 83. Storeowners do, however, have a responsibility to provide safe entrance and exit for their customers and to protect them against hazards from unnatural
accumulations of ice and snow in an area, which differs markedly from surrounding conditions. Tyrell v. Invest. Assoc., Inc. (1984),16 Ohio App.3d 47, 49.
In determining what amounts to an "unnatural" accumulation:
 "`Unnatural' accumulation must refer to causes and factors other than the inclement weather conditions * * * to causes other than meteorological forces of nature. By definition, then, the `unnatural' is the manmade, the man caused * * *" Porter v. Miller (1983) 13 Ohio App.3d 93, 95.
In addition, an occupier of premises is under no duty to protect a business invitee against open and obvious dangers. Sidle v. Humphrey
(1968), 13 Ohio St.2d 45. It is only where it is shown that the owner had superior knowledge of the particular danger which caused the injury that liability attaches, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate.Debie v. Cochran Pharmacy-Berwick (1967), 11 Ohio St.2d 38, 40.
Applying the law to the present facts, the trial court did not err in granting summary judgment in favor of Village Pharmacy against Eve. A thorough review of the record shows that Eve failed to meet the reciprocal burden set forth in Civ.R. 56.
Village Pharmacy pointed to evidence demonstrating that Eve could not support a claim for negligence. First, Village Pharmacy noted that there was no evidence on record supporting the contention that Village Pharmacy knew of or had superior knowledge of the natural accumulations of ice on the sidewalk. Second, as Village Pharmacy points out, Eve repeated several times throughout her deposition that she not only was aware of the icy condition on the sidewalk, but that she even took steps to avoid the ice. Such testimony demonstrates that the ice constituted an open and obvious danger, and as such Eve was precluded from recovery. Clearly, Village Pharmacy met its initial burden by establishing the absence of a genuine issue of material fact as to the issue of its negligence.
Upon Village Pharmacy meeting its initial burden of proof under Civ.R. 56, Eve failed in her reciprocal burden to demonstrate that there was a genuine issue of material fact. Although Eve contends that the accumulation of ice on which she was injured operated as an unnatural accumulation of ice resulting from a defective downspout rather than a natural accumulation of ice, Eve failed to present any evidence that the downspout caused the accumulation of ice on which Eve was injured. In addition, Eve also failed to allege or present any evidence showing that Village Pharmacy had superior knowledge of the dangerous condition or that the conditions on the ice were substantially more dangerous than those occurring in similar places. Therefore, no genuine issue of material fact existed over the lack of duty owed to Eve and Village Pharmacy was entitled to summary judgment as a matter of law.
Eve's first assignment of error is without merit.
Eve's second assignment of error states:
 "THE TRIAL COURT COMMITTED ERROR IN SUSTAINING THE MOTIONS OF DEFENDANTS-APPELLEES FOR A DIRECTED VERDICT AT THE CLOSE OF THE EVIDENCE AT TRIAL."
In Eve's second assignment of error, Eve argues that the trial court erred in sustaining the D'Apolitos' motions for a directed verdict. Eve argues that the evidence when viewed in a light most favorable to Eve shows that Eve attempted to avoid the patch of ice and reasonable minds could conclude from her testimony that human error played a part in producing her injury.
A motion for directed verdict should be sustained when, viewing the evidence in a light most favorable to the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion which is adverse to the party opposing the motion. Crawford v. Halkovics
(1982), 1 Ohio St.3d 184, 186; Civ.R. 50(A)(4). A directed verdict is appropriate where the party opposing it has failed to adduce any evidence on the essential elements of the claim. Cooper v. Grace Baptist Church
(1992), 81 Ohio App.3d 728, 734.
A review of the record shows that the trial court did not err in sustaining the D'Apolitos' motion for a directed verdict. The record reveals that Eve failed to present evidence going to the essential elements of her claim.
At trial Eve testified that she saw the patch of ice which she slipped on and tried to avoid it: "I watched, but I still had the one foot on the concrete and then the other foot I stepped on the corner of the ice." T.R. at 17. Eve stated that she thought the defective downspout caused the small ice patch of ice, but produced no other testimony or evidence indicating the cause of the ice. Further, appellee Lou D'Apolito testified that he was unaware of any problems with the downspout and had no knowledge of any problems of ice accumulations in front of Village Pharmacy's store.
Eve failed to present any evidence showing 1) the D'Apolitos had superior knowledge of the icy sidewalk, 2) that the icy sidewalk was caused by a defective downspout, 3) the accumulation of ice and snow which resulted in Eve's injuries resulted from unnatural conditions, 4) the icy sidewalk was more dangerous than other similar natural accumulations of ice and snow, and 5) that the icy sidewalk was not an open and obvious danger. Therefore, reasonable minds could only conclude that the D'Apolitos did not breach a duty owed to Eve.
Eve's second assignment of error is without merit.
Accordingly, for the reasons stated herein, the court hereby affirms the order of the trial court.
Cox, J., concurs
Vukovich, J., concurs