OPINION
{¶ 1} Plaintiffs-appellants, Christine Tom ("plaintiff," individually) and her husband, Kevin Tom, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Catholic Diocese of Columbus. Plaintiffs assign a single error:
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT.
Because the trial court properly concluded defendant owed plaintiffs no duty to remove snow and ice from the parking lot on which plaintiff fell, we affirm.
 {¶ 2} The pertinent facts underlying plaintiffs' appeal are undisputed. On March 9, 2003, plaintiff, a regular parishioner of Saint Joan of Arc Church ("church"), arrived to attend Sunday mass. The roads were icy, as was the parking lot. Plaintiff dropped off her husband and their infant daughter at the door and parked her car in the parking lot of the church. As she traversed the parking lot to enter the church, she slipped on a natural accumulation of ice and fell. At the time of plaintiff's fall, the church had not cleared the parking lot of ice or snow.
 {¶ 3} On March 8, 2005, plaintiffs filed a complaint in the Franklin County Court of Common Pleas, alleging defendant, through the church, negligently allowed an accumulation of ice and snow in the parking lot that created an unreasonably dangerous condition. Plaintiffs further alleged that as a direct and proximate result of the unreasonably dangerous condition, plaintiff slipped and fell, suffering severe and permanent injury. Plaintiff's husband filed a claim for loss of plaintiff's services, society and consortium.
 {¶ 4} Defendant ultimately filed a motion for summary judgment, contending it owed no duty to plaintiffs and was entitled to judgment as a matter of law. Following the parties' fully briefing the motion, the court granted summary judgment to defendant. The trial court rejected plaintiffs' contention, reasserted in their single assignment of error on appeal, that defendant's practice of clearing the parking lot of snow and ice created a duty to keep the sidewalks and parking lot free and clear of ice and snow on the day plaintiff fell, especially for those who like plaintiff regularly attended the church and knew of the church's practice of routinely clearing the lot.
 {¶ 5} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; Stateex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181.
 {¶ 6} To prevail on their negligence claim, plaintiffs must demonstrate (1) the existence of a duty, (2) a breach of that duty, and (3) injuries proximately caused by the breach. Menifeev. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. Here, the parties agree plaintiff was a business invitee on the premises of the church. As such, defendant was "not an insurer of [plaintiff's] safety, but owe[d] the duty to exercise ordinary care to maintain [the] premises in a reasonably safe condition for the protection of such invitees." Boles v. Montgomery Ward Co. (1950), 153 Ohio St. 381, paragraph one of the syllabus.
 {¶ 7} Pursuant to the duty owed to business invitees, a premises owner must "either warn invitees about or remedy any unreasonable dangers that the owner actually knows about or that he should know about in the exercise of reasonable care."Community Ins. Co. v. McDonald's Restaurants of Ohio (Dec. 11, 1998), Montgomery App. No. 17051, citing Jackson v. KingsIsland (1979), 58 Ohio St.2d 357, 359. "This duty, however, is premised on the owner's superior knowledge of particular dangers that might cause injury." Id. Only "where the owner is imputed to have superior knowledge" will liability fall on the owner, "because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate." Community Ins., supra, quoting LaCourse v.Fleitz (1986), 28 Ohio St.3d 209, 210.
 {¶ 8} Within those parameters, "it is well established that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the private sidewalks on the premises, or to warn the invitee of the dangers associated with such natural accumulations of ice and snow." Brinkman v. Ross (1993), 68 Ohio St.3d 82, 83. As a result, "[w]here the owner or occupier of business premises is not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises has created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence." Debie v. CochranPharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, paragraph one of the syllabus.
 {¶ 9} Stated from the viewpoint of the invitee, Ohio law holds "[a]n occupier of premises is under no duty to protect the business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them. The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraphs one and two of the syllabus.
 {¶ 10} "The underlying rationale in both Debie and Sidle,supra, is that everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow, and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow." Brinkman, at 84. Applying the well-established law from the Ohio Supreme Court, we conclude that defendant had "no common-law duty to remove or make less hazardous accumulation of ice and snow" on the parking lot "or to warn those who enter upon the premises of the inherent dangers presented by natural accumulations of ice and snow." Id. at 85.
 {¶ 11} Plaintiffs nonetheless contend certain factors in this case render the noted case law inapplicable. Relying on Oswaldv. Jeraj (1946), 146 Ohio St. 676, and Hammond v. Moon (1982),8 Ohio App.3d 66, plaintiffs assert that because plaintiff relied on defendant's regularly clearing the parking lot, defendant assumed a duty and was required to exercise ordinary care to ensure that the parking lot was reasonably safe for parishioners.
 {¶ 12} In Oswald, the court stated that the owner of an apartment building "who assumes the duty" of keeping approaches to and from the apartment building and the public sidewalk "clean and free from ice and snow is required to exercise ordinary care to render such common approaches reasonably safe for use by the tenants." Id., paragraph one of the syllabus. Sidle, however, citing Debie, addressed and distinguished Oswald, stating that a business invitee's posture "`is different from a landlord-tenant situation * * * where the action is by the tenant, and the landlord has undertaken to remove snow and ice within a reasonable time.' Each paragraph of the syllabus of theOswald case is either limited to an action by the tenant against the landlord or to the duty owed by the landlord to the tenant." Sidle, at 49.
 {¶ 13} As the court explained, "[i]t is apparent that the duty of the landlord to the tenant as to removal of snow and ice was there based upon an implied agreement between them. Even if there is evidence which might support a finding of such an agreement in the instant case, there is nothing to indicate that such agreement was to be for the benefit of business invitees of the tenant." Id. at 49-50. See, also, Debie, supra (stating that "[i]t should be pointed out that this case is different from a landlord-tenant situation, e.g., Oswald * * * where the action is by the tenant, and the landlord has undertaken to remove snow and ice within a reasonable time"); Community Ins.,
supra (noting that "Hammond and the other cases allocating such a duty to landlords, recognize that this duty arises from the contractual relationship between the landlord and the tenant," and "[w]here there is no contractual relationship, there can be no duty").
 {¶ 14} Indeed, if plaintiffs' position were adopted, a premises owner who "does absolutely nothing to clear ice and snow from his properties, and allows such elements to accumulate as they will, will be entirely immune from liability as a consequence of his inaction." Community Ins., supra, quotingYanda v. Consolidated Mgmt., Inc. (Aug. 16, 1990), Cuyahoga App. No. 57268. By contrast, a premises owner "who does what he can to combat the dangerous conditions frequently recurring in our climate will be opening himself up to potential lawsuits from those who slip and fall on the inevitable patches of ice and snow eluding the plow, shovel and salt." Id. See, also, Pacey v. PennGarden Apts. (Feb. 19, 1999), Montgomery App. No. 17370 (noting "this court has recently sought to distance itself from the principle contained in Hammond and its progeny, on the grounds that imposing a duty on landlords to remove ice and snow through an `implied course of conduct' theory would discourage landlords from ever attempting to remove ice and snow from the common areas of their premises as a courtesy to their tenants, and would, therefore, make those areas less safe"); Brooks v. Lee (Dec. 4, 1995), Butler App. No. CA95-05-091 (distinguishing and refusing to apply Oswald in the absence of a landlord-tenant relationship). The defendant's prior efforts to remove snow did not give rise to a continuing duty to do so.
 {¶ 15} Plaintiffs also suggest this case is distinguishable from the Supreme Court precedent because (1) the church had a contract with Charter Oaks for removal of snow from the parking lot, and (2) the church itself generally salted the parking lot. The church's contract with the snow removal service does not create a duty to keep its premises free of ice and snow, as unlike the landlord-tenant situation, nothing in the contract suggested the church's business invitees were the intended beneficiaries of the contract. Cook v. Summit Mall, Inc. (May 6, 1987), Summit App. No. 12838; Wills v. Children's Hosp. Med.Ctr. of Akron (Sept. 21, 1988), Summit App. No. 13541 (noting that a contract between Summit Nursery and Children's Hospital, whose contract language did not establish an intent to benefit Children's Hospital's tenants or its tenant's business invitees, did not create a duty on the part of Children's Hospital either through an express or implied assumption of the duty).
 {¶ 16} Because defendant owed no duty to plaintiff under the facts if this case, the trial court properly granted summary judgment to defendant. Plaintiffs' single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Petree and Brown, JJ., concur.