DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment issued by the Lucas County Court of Common Pleas to defendants in a slip and fall personal injury suit. For reasons that follow, we affirm.
 {¶ 2} On February 7, 2003, shortly after 7:30 a.m., appellant, Lora Keller, drove her van to work at the Marshall Fields department store located in Toledo's Westfield Franklin Park Mall. Appellant parked the van in a parking area designated for Marshall Fields' employees.
 {¶ 3} According to appellant, as she emerged from her vehicle, she slipped on what she characterized as "black ice." Appellant fell, fracturing her ankle.
 {¶ 4} Appellant sued, alleging that the negligence of the mall's owner, appellee, Westfield Franklin Park Mall, LLC, and/or its contract snow removal firm, appellee, Site Solutions, Inc., was the proximate cause of her injury. Appellees denied liability and, following discovery, moved for summary judgment, arguing that they had breached no duty to appellant and were, therefore, entitled to judgment as a matter of law.
 {¶ 5} When the trial court granted appellees' summary judgment motion, appellant brought this appeal. Appellant sets forth the following single assignment of error:
 {¶ 6} "The Court of Common Pleas of Lucas County erred in granting summary judgment in favor of defendants where it failed to view the evidentiary materials in the light most favorable to plaintiff, the non-moving party."
 {¶ 7} Appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 8} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 9} When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. InterimPersonnel, Inc. (1999), 135 Ohio App.3d 301, 304; Needham v.Provident Bank (1996), 110 Ohio App.3d 817, 826, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
 {¶ 10} To establish actionable negligence, a plaintiff must show that a defendant owes to him or her a duty which has been breached, proximately resulting in injury to the plaintiff.Mussivand v. David (1989), 45 Ohio St.3d 314, 318. The duty of appellee Westfield to appellant is that of a premises owner to a business invitee: that is to take ordinary care to maintain the premises in a reasonably safe condition and to warn invitee of latent or hidden dangers. Brown v. Helzburg Diamonds, 6th Dist. No. L-05-1268, 2006-Ohio-4297, at ¶ 13. A premises owner is not, however, an insurer of an invitee's safety and has no duty to protect an invitee from dangers which are known to the invitee or which are so obvious that the invitee may reasonably be expected to discover them and take measures of self protection. Paschalv. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203-204. Moreover, a property owner's duty to warn of concealed conditions arises only when the property owner has superior knowledge of the dangerous condition. Tom v. Catholic Diocese of Columbus, 10th Dist. No. 06AP-193, 2006-Ohio-4715, at ¶ 7.
 {¶ 11} A danger resulting from the natural accumulation of ice and snow is an, "* * * obvious danger and an occupier of premises should expect that an invitee on [the] premises will discover and protect * * *" himself or herself from it. Sidle v.Humphrey (1968), 13 Ohio St.2d 45, 49. Ice created solely by the melting and refreezing of snow is a natural accumulation. Zamanov. Hammerschmidt, 6th Dist. No. H-02-031, 2003-Ohio-1618, at ¶ 17.
 {¶ 12} Appellant's theory of liability is that appellee Site Solutions inequitably distributed salt on the parking lot, resulting in the employees' parking area being more prone to ice than other areas. Alternatively, appellant suggested that the ice patch she slipped on was the result of a crack in the asphalt caused by appellee Westfield's failure to timely resurface the parking lot. Moreover, appellant asserted that because the lights in the parking lot were set to cycle down at 7:00 a.m., the lot was more dangerous because of the darkness.
 {¶ 13} Appellant simply presents no evidence that the patch of ice upon which she slipped was the result of an unnatural accumulation. No precipitation fell at the mall for several days prior to appellant's accident. Appellant testified in deposition that there was no snow piled near the place she parked. The president of appellee Site Solutions in deposition denied that it inequitably distributed salt on the lot, but this dispute is immaterial. It was undisputed that no snow or ice removal had been undertaken for days prior to the accident.
 {¶ 14} Appellant presents nothing in argument or authority which would suggest that uneven asphalt surface makes moisture accumulation therein unnatural. With respect to darkness on the lot, darkness is a condition which itself should warn one of danger and prompt him or her to take extra measures of self protection. Jeswald v. Hutt (1968), 15 Ohio St.2d 224, at ¶ 3 of the syllabus.
 {¶ 15} Accordingly, there are no issues of material fact. Absent some evidence that the ice upon which appellant slipped was not created by a natural means, appellees had no duty to protect appellant from injury in the manner it occurred. Consequently, appellees are entitled to judgment as a matter of law. Appellant's sole assignment of error is not well-taken.
 {¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J., Skow, J., Parish, J, Concur.