OPINION
{¶ 1} Earl and Nancy Sherwood appeal the grant of summary judgment to Mentor Corners Limited Partnership and Arthur Schamovic on their complaint for personal injury and loss of consortium arising from Mr. Sherwood's slip and fall outside the Manhattan Deli at the Mentor Corners shopping mall in Mentor, Ohio. We reverse and remand.
 {¶ 2} Mr. and Mrs. Sherwood are longtime residents of Mentor, cognizant of the weather patterns prevailing in northeast Ohio during the winter. They were in the habit of breakfasting at the Manhattan Deli several times a month with friends. December 28, 2001, they broke fast with Mr. and Mrs. David Escovitz, and Ms. Janet Shad. It was snowing lightly when they arrived at the deli, and continued to snow throughout their meal.
 {¶ 3} When everyone was ready to leave, snow had accumulated on the Escovitz's vehicle. Mr. Escovitz got in the vehicle to start it up, while Mr. Sherwood prepared to wipe the snow from its windows. The Mentor Corners shopping mall has covered sidewalks in front of the stores. The roof is pitched and gutter less. Mr. Sherwood approached the Escovitz's vehicle by walking down an access ramp leading from the storefront sidewalks into the parking lot. Directly above this ramp is a decorative gable in the roof covering the sidewalk. The ramp was snow-covered. Mr. Sherwood slipped and fell, shattering his pelvis.
 {¶ 4} December 5, 2003, Mr. and Mrs. Sherwood filed their initial complaint in this matter, naming Mentor Corners Limited Partnership as defendant. Mentor Corners filed for summary judgment September 2, 2004. The Sherwoods voluntarily dismissed their complaint. July 29, 2005, the Sherwoods refiled, adding Mr. Schamovic, the property manager for the shopping center, and R. J. Snow Service, as defendants. The Sherwoods amended their complaint August 11, 2005. Mentor Corners and Mr. Schamovic answered the complaint August 30, 2005. R.J. Snow Services answered the amended complaint October 21, 2005, and moved to dismiss October 31, 2005. November 9, 2005, Mentor Corners and Mr. Schamovic answered the amended complaint, and cross-claimed against R.J. Snow Services, to which R.J. answered November 16, 2005.
 {¶ 5} Motion practice ensued, with Mentor Corners and Mr. Schamovic moving for summary judgment on the Sherwoods' claims, and R.J. Snow Services moving for summary judgment against the Sherwoods, and to dismiss the cross-claim. December 22, 2005, the Sherwoods opposed the summary judgment motion of Mentor Corners and Mr. Schamovic. December 29, 2005, the Sherwoods dismissed R.J. Snow Services as a defendant, without prejudice.
 {¶ 6} Following the filing of reply and surreply briefs, the trial court rendered judgment February 2, 2006. The trial court found that the snow or ice upon which Mr. Sherwood slipped resulted from a natural accumulation, and that defendants had neither notice nor knowledge that such accumulation might be substantially more hazardous than the Sherwoods should have anticipated. Consequently, it granted Mentor Corners' and Mr. Schamovic's' summary judgment on the Sherwoods' claims. It further denied R.J. Snow Services' motion to dismiss the cross-claim as moot.
 {¶ 7} February 15, 2006, the Sherwoods timely noticed this appeal, assigning the following error:
 {¶ 8} "The trial court erred to the prejudice of appellants by granting summary judgment in favor of appellees."
 {¶ 9} In order for a summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v.Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389.
 {¶ 10} The Supreme Court of Ohio stated in Dresher v. Burt,75 Ohio St.3d 280, 296, 1996-Ohio-107, that: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstratethe absence of a genuine issue of fact on a material element of thenonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ. R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 11} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ. R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ. R. 56(E).
 {¶ 12} Appellate courts review a trial court's grant of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that, "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 13} In Ohio, no liability will attach to the occupier of premises for a slip and fall occurring due to natural accumulations of ice or snow, these being deemed open and obvious hazards in Ohio's climate, from which persons entering the premises must protect themselves.Lawrence v. Jiffy Print, Inc., 11th Dist. No. 2004-T-0065,2005-Ohio-4043, at ¶ 9. An occupier of premises has no duty to remove natural accumulations of ice or snow. Id.
 {¶ 14} There are two exceptions to this rule. First, an occupier of premises is liable for "unnatural" accumulations of ice or snow.Jiffy Print at ¶ 11. An unnatural accumulation is caused by factors other than the weather patterns: i.e., it must be man-made or man-caused, the ice and snow gathering in an unexpected place or way. Id. at ¶ 14-15.
 {¶ 15} Second, liability may attach if an occupier of premises has notice, express or implied, that a natural accumulation of ice and snow has created a condition substantially more hazardous than a visitor should anticipate due to the conditions generally prevailing in the area. Jiffy Print at ¶ 10.
 {¶ 16} In support of their assignment of error, the Sherwoods first argue there is evidence in the record that Mr. Sherwood slipped due to an unnatural accumulation of ice, hidden beneath the snow on the ramp. The Sherwoods attribute this alleged accumulation of ice to the gable in the roof over the ramp. In his deposition, Mr. Sherwood admitted that he noticed snow, but not ice, at the time of his fall, but affirmed that the ramp was slippery. The Sherwoods also rely on photographs taken shortly after the accident, showing that icicles formed in the valley between the gable and the edge of the roof, indicating the valley directs an excess flow of water onto the ramp beneath it. They further rely on the report of Mr. Robert J. Apanasewicz, P.E., which states, in pertinent part:
 {¶ 17} "[additionally, in my opinion, the curb ramp's location directly below a valley in the shopping center's canopy roof is of an undesirable design. The discharge of water onto the ramp from the valley results in a greater accumulation of water and/or ice than normal and creates a greater maintenance concern than if the curb ramp were located at another location."
 {¶ 18} In these summary judgment proceedings, wherein all evidence must be construed in the nonmovant's favor, the foregoing is sufficient to establish a genuine issue of material fact regarding whether Mr. Sherwood slipped on an unnatural accumulation of ice. While not able to testify absolutely as to the presence of ice at the time of his fall (his attention naturally being otherwise directed), Mr. Sherwood could affirm that the ramp was snow covered and slippery. If, as Mr. Aspanasewicz reported, the valley in the roof created an excess of ice on the ramp, this might be a "man-caused" condition, beyond the mere absence of gutters, creating potential liability. Cf. Martin v.Edgewater Properties (Nov. 25, 1992), 9th Dist. No. 92CA005307,1992 Ohio App. LEXIS 6112, at 5-6.
 {¶ 19} This portion of the Sherwoods' assignment of error is with merit.
 {¶ 20} Next the Sherwoods argue that, even if any accumulation of ice or snow on the ramp was natural, the trial court erred insofar as defendants had actual notice that the ramp, in winter, was substantially more hazardous than would normally be anticipated. In support, they rely upon the affidavit of Ms. Rebecca Davis, an employee of Erie Optical, the store directly fronting on the ramp. In her affidavit, Ms. Davis testifies that she went to Mr. Sherwood's aid the morning he fell; that the ramp was snow covered and slippery; that she had previously seen other elderly people fall on the ramp during winter, including someone whose wheelchair turned over on ice; and, that employees of both Erie Optical and the Manhattan Deli regularly shoveled and salted the ramp during winter, due to its "obviously slippery and hazardous condition."
 {¶ 21} We agree. Ms. Davis' testimony is sufficient to establish a genuine issue of material fact regarding whether Mentor Corners had notice that the ramp on which Mr. Sherwood fell became unusually slippery during winter weather, and thus, "substantially more dangerous" than a business invitee should anticipate. Significantly, Ms. Davis did not testify in her affidavit that any portion of the Mentor Corners parking lot other than the ramp became slippery, or caused business invitees difficulties. This indicates the ramp was a particular hazard.
 {¶ 22} The second portion of the Sherwoods' assignment of error is with merit.
 {¶ 23} The judgment of the Lake County Court of Common Pleas is reversed, and this matter remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, J., concurs,
DONALD R. FORD, P.J., dissents with Dissenting Opinion.