OPINION
{¶ 1} Appellant, Eric Royce, appeals the summary judgment entered by the Lake County Court of Common Pleas in favor of appellee, Yardmaster, Inc. At issue is whether appellee breached a duty to appellant to remove the natural accumulation of ice and snow in the parking lot of appellant's employer Avery Dennison Corporation ("Avery"). For the reasons that follow, we affirm.
 {¶ 2} On March 9, 2004, at approximately 6:20 a.m., appellant arrived at Avery, which is located in Painesville, Ohio. He was early as his shift began at 7:00 a.m. He *Page 2 
parked his car in the parking lot about 20 yards from the entrance to the building. At that time it was still dark outside, but the lot was illuminated by tall lights which were activated.
 {¶ 3} Appellant testified in deposition that there was a "light dusting" of snow on the ground about one-quarter inch thick. Although he had no trouble seeing the ground in front of him, he slipped and fell, twisting his left knee. He then got up, walked into the building, and worked the rest of the day.
 {¶ 4} Appellant testified he fell due to the "slick parking lot." He said he could not tell if there was ice on the ground due to the snow, but he believed there was ice under the snow. He also testified there was nothing unusual about the accumulation of snow on the ground.
 {¶ 5} Appellee had contracted with Avery to provide snow and ice removal services at Avery's parking lot. The contract includes the following provision:
 {¶ 6} "5. Lots, walks and common areas must be free of ice by 7:00 a.m. (important to be clear for employees by 7:00 a.m., noon, and 4:30 p.m.) and throughout the day. All sites must be inspected day or night when ice may develop. We need to avoid slips and falls. * * *"
 {¶ 7} Appellant filed a complaint, alleging appellee was negligent in failing to properly maintain the parking lot, in creating a nuisance, in failing to abate it, and in failing to warn appellant of hazards which it knew or should have known existed at the parking lot. Additionally, appellant alleged appellee breached said contract in failing to maintain the lot. Appellee filed an answer denying the material allegations of the complaint. *Page 3 
 {¶ 8} While the matter was pending, appellee filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law because appellant had not identified the cause of his fall, appellee owed him no duty, and appellant had not produced expert testimony regarding proper removal of ice and snow. Appellee also argued there was no evidence of the breach of any duty owed to appellant.
 {¶ 9} Appellant did not allege and did not present any evidence that he slipped and fell due to an unnatural accumulation of snow and ice. Nor did he present any Civ.R. 56(C) evidence that appellee had superior knowledge of or substantially increased the danger. Instead, he argued appellee was in effect strictly liable for his slip and fall by virtue of the contract between appellee and Avery. He argued the contract was intended to benefit employees such as him so that appellee owed him a duty to inspect the lot and remove any ice or snow. He argued that the presence of ice on the parking lot on March 9, 2004, at 6:20 a.m. resulted in appellee's liability.
 {¶ 10} The trial court entered summary judgment in favor of appellee, finding that because Avery had not agreed to be responsible to its employees for the removal of ice and snow from the parking lot, appellee did not owe them a duty to do so. Appellant timely appealed, asserting as his sole assignment of error:
 {¶ 11} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT-APPELLEE YARDMASTER, INC."
 {¶ 12} Summary judgment is a procedural device intended to terminate litigation and to avoid trial when there is nothing to try. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95. Summary judgment is proper when: (1) there is no *Page 4 
genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J.Refrigeration, Inc., 67 Ohio St.3d 266, 1993-Ohio-12.
 {¶ 13} The party seeking summary judgment on the ground that the nonmoving party cannot prove his case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt, 75 Ohio St.3d 280, 292, 1996-Ohio-107. Material facts are those relevant to the substantive law applicable in a particular case. Needham v. Provident Bank (1996), 110 Ohio App.3d 817,827, citing Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
 {¶ 14} The moving party must point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Dresher, supra, at 293.
 {¶ 15} If this initial burden is not met, the motion for summary judgment must be denied. Id. However, if the moving party has satisfied his initial burden, the nonmoving party then has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id. *Page 5 
 {¶ 16} Since a trial court's decision whether or not to grant summary judgment involves only questions of law, we conduct a de novo review of the trial court's judgment. DiSanto v. Safeco Ins. Of Am.,168 Ohio App.3d 649, 655, 2006-Ohio-4940. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty.Commrs. of Scioto Cty. (1993), 87 Ohio App.3d 704, 711.
 {¶ 17} In order to establish an actionable claim for negligence, the plaintiff must establish: (1) the defendant owed a duty to him; (2) the defendant breached that duty; (3) the defendant's breach of duty proximately caused his injury; and (4) he suffered damages. Chambers v.St. Mary's School, 82 Ohio St.3d 563, 565, 1998-Ohio-184; Bond v.Mathias (Mar. 17, 1995), 11th Dist. No. 94-T-5081, 1995 Ohio App. LEXIS 979, *6.
 {¶ 18} A landowner owes its invitees the duty of ordinary care in maintaining the premises in a reasonably safe condition. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, the landowner has no duty to protect its invitees from dangers that are open and obvious. Invitees are required to protect themselves from open and obvious dangers. Id.
 {¶ 19} Generally, a landowner has no duty to remove natural accumulations of snow or ice, and therefore is not liable for injuries caused as a result of such accumulations. LaCourse v. Fleitz (1986),28 Ohio St.3d 209, 210. This is because natural accumulations of snow and ice are open and obvious hazards. Sherwood v. Mentor Corners LimitedPartnership, 11th Dist. No. 2006-L-020, 2006-Ohio-6865, ¶ 13. There are two exceptions to the foregoing rule. A duty to remove natural accumulations *Page 6 
of snow or ice can arise when (1) the premises owner has superior knowledge of the dangerous circumstances created by the snow or ice, or (2) the accumulation is the result of an unnatural, i.e., man-made, force. Id. at ¶ 14-15.
 {¶ 20} Further, a duty to remove natural accumulations of snow and ice may be voluntarily assumed by contract either express or implied by a course of conduct. Oswald v. Jeraj (1946), 146 Ohio St. 676, 679. A landowner who assumes such duty is required to exercise ordinary care to render the area reasonably safe for use. Id. at paragraph one of the syllabus.
 {¶ 21} An independent contractor owes a general duty of care toward the owner's invitee, i.e., he must exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances. Simmers v. Bentley Construction Co.,64 Ohio St.3d 642, 645-646, 1992-Ohio-42.
 {¶ 22} Further, an independent contractor who contracts with a landowner to remove ice and snow from the owner's parking lot for the benefit of the owner's invitees may be liable to an invitee who slips and falls due to the contractor's failure to properly remove ice and snow. Kline v. R.N. Landis Management Co. (May 10, 1990), 8th Dist. No. 56946, 1990 Ohio App. LEXIS 1775, *3-*4.
 {¶ 23} The existence of a duty depends on the foreseeability of the injury. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77. The test of foreseeability is "whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." Id. at 77. Unless specific conduct involving an unreasonable risk is demonstrated by the evidence *Page 7 
presented, there is no issue to submit to the jury. Englehardt v.Phillips (1939), 136 Ohio St. 73, 78.
 {¶ 24} The existence of a duty in a negligence action is a question of law determined by the trial court, Wallace v. Dept. of Commerce, Div. ofState Fire Marshall,, 96 Ohio St.3d 266, 274, 2002-Ohio-4210, while the breach of a duty is generally a question for the jury. Commerce Industry Ins. Co. v. Toledo (1989), 45 Ohio St.3d 96, 98. "Nonetheless, even if a duty is established, a negligence claim requires proof that a breach of that duty occurred." Nageotte v. Cafaro Co.,160 Ohio App. 3d 702, 2005-Ohio-2098, at ¶ 37, citing Menifee, supra, at 77.
 {¶ 25} This court has held that where a landowner has assumed the duty to remove natural accumulations of ice and snow, such duty must be performed with ordinary care. Peterson v. Coffman, 11th Dist. No. 99-P-0059, 2000 Ohio App. LEXIS 4212, *11. This court held:
 {¶ 26} "Further, Oswald [, supra,] does not say that if such a duty is assumed, then it imposes strict liability upon the landlord. Instead, it states that any assumed duty must be performed with ordinary care such as to render the area reasonably safe. * * * [W]e hold that even if a landlord agrees to voluntarily assume a duty to remove accumulations of ice and snow from common areas, that fact standing alone, does not subject him to per se liability for injuries sustained by a tenant who slips and falls. * * *
 {¶ 27} "* * *
 {¶ 28} "The Oswald duty of exercising `ordinary care' still exists in the sense that it is reflected in the admonition of the post-Oswald cases: simply stated, a landlord *Page 8 
must not aggravate the inherently dangerous condition of natural accumulations or create a dangerous unnatural condition. * * *"Peterson, supra, at *12-*13.
 {¶ 29} The Sixth Appellate District has also held that strict liability does not apply to a contractually-assumed duty.Nageotte, supra. In that case the owner of a supermarket entered a contract with a management company to maintain its parking lot. Thereafter, a customer fell in a pothole in the parking lot and sued the contractor. The only evidence of the contractor's negligence was the existence of the pothole. The Sixth District held:
 {¶ 30} "In other words, in order to find negligence in maintaining the parking lot, the jury would have had to infer the following, all based upon the only direct fact, that a hole of unknown dimensions existed. First, the jury would have had to infer that the hole was of a size large enough to constitute a dangerous condition, i.e., that it was foreseeable that someone encountering it might be injured. Then they would have to infer that Nageotte could not have avoided the hole. Next, based upon that inference, it would have to be inferred that the hole had been there * * * long enough so that * * * Cafaro Management knew or should have known of its existence. Another inference required is that because the hole existed, the independent contractors did not repair holes in a timely manner * * *. Finally, the inference would have to be made that * * * the lack of * * * repair caused the particular pothole allegedly encountered by Nageotte. Since these inferences require multi-level stacking and none are supported by any additional relevant facts, we conclude that they are pure speculation, or impermissible inferences upon inferences. *Page 9 
 {¶ 31} "Nageotte's argument is tantamount to one of strict liability: that the existence of a pothole, regardless of size or visibility, in a parking lot located in northwest Ohio in February, should create absolute liability on any person who * * * has contracted to maintain the parking lot. Appellee simply failed to provide sufficient evidence to support a direct finding or reasonable inference that * * * Cafaro Management breached the duty of ordinary care in maintaining the parking lot." Id. at 716-717.
 {¶ 32} The Sixth District thus held that an independent contractor under a contract to maintain a parking lot is only required to exercise reasonable care in maintaining the lot. In order for a plaintiff to assert an actionable claim against a contractor for personal injury, he must present some evidence of the breach of this duty.
 {¶ 33} Here, during the summary judgment exercise, appellee argued appellant failed to produce any evidence that it had breached this duty and appellant argued it had. Our thorough and complete review of the record reveals there is no evidence appellee failed to exercise ordinary care in removing ice and snow from the parking lot.
 {¶ 34} In support of his argument that appellee was negligent, appellant submitted excerpts of the depositions of Timothy Hinz and James Brunhiemer, two former employees of appellee. Appellant argued these depositions show another inspection should have been made of the area between 3:30 a.m., when the lot was last salted, and 7:00 a.m., when appellant's shift began.
 {¶ 35} Initially, we note that these depositions were never filed with the court, and appellant did not include with the excerpts the court reporter's certification for either deposition. These unauthenticated excerpts were attached to appellant's brief in *Page 10 
opposition to summary judgment, so we must presume the trial court was aware of their existence. However, because the court did not refer to them in its judgment entry and awarded summary judgment to appellee, we must presume the court disregarded them.
 {¶ 36} This court has held that it is within the discretion of the trial court, when ruling on a motion for summary judgment, to consider or not to consider unfiled and uncertified portions of deposition testimony, where no objection was made to the form or substance of the deposition testimony. Able/S.S., Inc. v. KM E Services, Inc., 11th Dist. No. 2000-L-162, 2002-Ohio-6470, at ¶ 11.
 {¶ 37} In Trimble-Weber v. Weber (1997), 119 Ohio App.3d 402, this court held that a deposition transcript that did not include the court reporter's certification could not be considered a deposition for purposes of summary judgment, and thus, the trial court was within its discretion in declining to consider the transcript. This court held "[a] deposition transcript must be authenticated before it can be considered as legally acceptable evidence for summary judgment purposes. * * * If a document is not of the type enumerated in Civ.R. 56(C), a trial court may consider that document when ruling on a motion for summary judgment if there is no objection. * * * However, it is well within the trial court's discretion to ignore these documents." Id. at 406. (Citations omitted.)
 {¶ 38} We therefore hold that because appellant failed to file the entire transcripts or to include the court reporter's certification of them with the excerpts, the trial court properly exercised his discretion in disregarding them.
 {¶ 39} However, we note that even if these deposition excerpts were properly filed and authenticated, they do not support appellant's contention. On appeal appellant argues that Mr. Hinz testified that after the lot was salted at 3:30, another inspection *Page 11 
"should" have occurred before 7:00 a.m. However, in the excerpt attached to appellant's brief, Mr. Hinz said that another inspection "would" have occurred, but that the records appellant used to cross-examine him did not include the daytime records, which would have documented such inspection. Appellant suggests that because the record he used to cross-examine the witness did not reveal an inspection just prior to the start of the 7:00 a.m. shift, there must not have been another inspection. This, of course, is not evidence that another inspection did not take place; it merely shows that appellant did not obtain all available, pertinent records for use in questioning Mr. Hinz. As a result, even if the deposition excerpts were properly filed and authenticated, which they were not, they do not establish that appellee did not make a later inspection.
 {¶ 40} Appellant's argument on appeal that the mere presence of some ice on the parking lot is sufficient to establish liability on the part of appellee is not well-taken. Such argument suggests that strict liability applies to a voluntarily-assumed duty. However, as outlined supra, this court has held that when a duty to remove ice and snow is voluntarily assumed, that duty is satisfied when the actor exercises ordinary care to render the premises reasonably safe. He is not held to a strict liability standard. Peterson, supra. The same rule applies to a contractually-assumed duty. Nageotte, supra.
 {¶ 41} The only evidence in this case is the existence of ice on the parking lot. However, in order for the jury to find negligence, it would have to infer: (1) that ice was present at the area where appellant fell, although that area was never established; (2) that ice caused appellant to slip and fall, although appellant testified he could not tell if there was ice in the area where he fell; (3) that appellant could not have avoided the ice, *Page 12 
although he testified he could clearly see where he was walking and could have taken any path he desired in the parking lot; (4) that appellee's inspection and salting of the lot at 3:30 a.m. was improper or insufficient; (5) that appellee was obligated to inspect and salt the lot again before 6:20 a.m., when appellant fell; (6) that appellee did not inspect the lot again; and (7) that appellee's conduct caused the slippery condition on which appellant fell. There is no Civ.R. 56(C) evidence in the record in support of any of these inferences.
 {¶ 42} In sum, in order to avoid summary judgment, appellant was required to present some evidence that appellee failed to exercise ordinary care to render the parking lot reasonably safe. Because the record is devoid of any such evidence, the trial court properly entered summary judgment in favor of appellee.
 {¶ 43} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
DIANE V. GRENDELL. P.J., concurs, MARY JANE TRAPP, J., dissents with Dissenting Opinion.