OPINION
{¶ 1} Elaine Irwin appeals from the grant of summary judgment to Rite Aid of Ohio, Inc., by the Trumbull County Court of Common Pleas, in her action for personal injuries, arising from a slip and fall occurring at a Rite Aid pharmacy in Newton Falls, *Page 2 
Ohio[1] . Finding there is no genuine issue of material fact but that Mrs. Irwin slipped due to an open and obvious natural accumulation of snow and ice, we affirm.
 {¶ 2} During the late morning of December 25, 2005, Mrs. Irwin's husband drove her to the Rite Aid in Newton Falls so Mrs. Irwin could buy a Christmas present for her teenage granddaughter. Mrs. Irwin had shopped regularly — about once a month — at this Rite Aid since it opened, in 2002 or 2003. It was snowing that morning.
 {¶ 3} At the Rite Aid, Mr. Irwin parked next to a concrete walkway extending into the parking lot from the sidewalk in front of the pharmacy. Mrs. Irwin exited the passenger side door, placing her right foot upon the asphalt parking lot. She then placed her left foot upon the walkway, and stepped up with her right foot. There was snow in the parking lot, and about one-half of the walkway was covered with snow. Mrs. Irwin turned left toward the store entrance, and fell, sustaining scratches to her face, and a fracture of one kneecap. In her deposition, Mrs. Irwin could not recall that anything obstructed her view of the walkway.
 {¶ 4} November 30, 2007, the Irwins filed this action against Rite Aid. December 28, 2008, the Irwins filed an amended complaint. January 2, 2008, Rite Aid answered the original complaint. It further filed a third party complaint against Genesis Facility Management, Inc., and SRSA, Inc. Genesis had a contract to remove snow and ice from the parking lot of the Newton Falls Rite Aid; SRSA was a subcontractor for Genesis. January 9, 2008, Rite Aid answered the amended complaint. *Page 3 
 {¶ 5} Mrs. Irwin was deposed June 30, 2008; and, July 22, 2008, Rite Aid moved the trial court for summary judgment on the Irwins' claims. The Irwins opposed July 29, 2008. Attached to their brief were their affidavits. In her affidavit, Mrs. Irwin claimed the snow made it appear as if the parking lot and walkway at the Newton Falls Rite Aid were all on the same level. In his affidavit, Mr. Irwin alleged that the snow in the parking lot was six to eight inches deep, making the lot and the walkway indistinguishable. He further alleged that his wife sank into the snow in the parking lot; stubbed her toe on the walkway; and lost her balance, thus falling.
 {¶ 6} Rite Aid filed its reply brief August 6, 2008.
 {¶ 7} August 26, 2008, the trial court filed its judgment entry, granting Rite Aid summary judgment, on the basis that the snow and ice on which Mrs. Irwin fell were natural accumulations, and an open and obvious hazard.[2]
 {¶ 8} September 22, 2008, Mrs. Irwin timely noticed this appeal, assigning three errors:
 {¶ 9} "[1.] THE TRIAL COURT ERRORED (sic) IN GRANTING A MOTION FOR SUMMARY JUDGMENT ON THE QUESTION OF LIABILITY WERE (sic) OPPOSING AFFIDAVITS WERE FILED ON BEHALF OF THE PLAINTIFFS.
 {¶ 10} "[2] THE TRIAL COURT ERRORED (sic) IN SUSTAINING A MOTION FOR SUMMARY JUDGMENT AS TWO ADDITIONAL DEFENDANTS WHO HAD NOT FILED A MOTION FOR SUMMARY JUDGMENT.
 {¶ 11} "[3.] THE TRIAL COURT ERRORED (sic) IN NOT REQUIRING A DISTINCTION BETWEEN A PRIVATE WRONG AND PUBLIC WRONG IN THE *Page 4 
EXHIBIT ATTACHED TO A MOTION FOR SUMMARY JUDGMENT."
 {¶ 12} We deal with the assignments of error in order.
 {¶ 13} "`Pursuant to Civ. R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.' Holik v. Richards, 11th Dist. No. 2005-A-0006, 2006-Ohio-2644, ¶ 12, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 293, ***. `In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party."' Id. citing Civ. R. 56(C). Further, the standard in which we review the granting of a motion for summary judgment is de novo. Id. citing Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, ***.
 {¶ 14} "Accordingly, `(s)ummary judgment may not be granted until the moving party sufficiently demonstrates the absence of a genuine issue of material fact. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.'Brunstetter v. Keating, 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, ¶ 12, citing Dresher at 292. `Once the moving party meets the initial burden, the nonmoving party must then set forth specific facts demonstrating that a genuine issue of material fact does exist that must be preserved for trial, and if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.' Id., citing Dresher at 293.
 {¶ 15} "***
 {¶ 16} "*** *Page 5 
 {¶ 17} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt, the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Mitseff v.Wheeler (1988), 38 Ohio St.3d 112,
 {¶ 18} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, ***, is too broad and fails to account for the burden Civ. R. 56 places upon a moving party. The court, *Page 6 
therefore, limited paragraph three of the syllabus in Wing to bring it into conformity with Mitseff. (Emphasis added.)
 {¶ 19} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled to a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' Id. at 276. (Emphasis added.)"Welch v. Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, at ¶ 36-37, 40-42. (Parallel citations omitted.)
 {¶ 20} Under her first assignment of error, Mrs. Irwin argues that the affidavits of herself and her husband, submitted in opposition to Rite Aid's motion for summary judgment, create a genuine issue of material fact regarding whether there was an unreasonably hazardous condition created by the snow in the Rite Aid parking lot, in that they allege in their affidavits that the differing levels of the parking lot and walkway could not be distinguished. Rite Aid notes that the Irwins' affidavit testimony differs from that given by Mrs. Irwin in her deposition, and urges that it may not be used to defeat its motion.
 {¶ 21} Rite Aid is correct. "An affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat the motion for summary judgment." Byrd v. Smith,110 Ohio St.3d 24, 2006-Ohio-3455, at paragraph three of the syllabus. In this case, the Irwins provide no explanation as to the extraordinary *Page 7 
difference in Mrs. Irwin's deposition testimony, and the affidavit testimony. In her deposition, Mrs. Irwin indicated that she could easily distinguish between the parking lot and the walkway; in her and her husband's affidavits, the parking lot was so snowbound as to make them indistinguishable. In her deposition, Mrs. Irwin clearly testified she slipped while moving on the walkway toward the store entrance. In her husband's affidavit, she became mired in the snow in the parking lot, and fell over the walkway while so caught.
 {¶ 22} Consequently, both the trial court and we are left with Mrs. Irwin's deposition. Nothing in that indicates she fell due to anything but a natural accumulation of ice and snow.
 {¶ 23} "In Ohio, no liability will attach to the occupier of premises for a slip and fall occurring due to natural accumulations of ice or snow, these being deemed open and obvious hazards in Ohio's climate, from which persons entering the premises must protect themselves.Lawrence v. Jiffy Print, Inc., 11th Dist. No. 2004-T-0065,2005-Ohio-4043, at ¶ 9. An occupier of premises has no duty to remove natural accumulations of ice or snow. Id.
 {¶ 24} "There are two exceptions to this rule. First, an occupier of premises is liable for `unnatural' accumulations of ice or snow.Jiffy Print at ¶ 11. An unnatural accumulation is caused by factors other than the weather patterns: i.e., it must be man-made or man-caused, the ice and snow gathering in an unexpected place or way. Id. at ¶ 14-15.
 {¶ 25} "Second, liability may attach if an occupier of premises has notice, express or implied, that a natural accumulation of ice and snow has created a condition *Page 8 
substantially more hazardous than a visitor should anticipate due to the conditions generally prevailing in the area. Jiffy Print at ¶ 10."Sherwood v. Mentor Corners Ltd. Partnership, 11th Dist. No. 2006-L-020,2006-Ohio-6865, at ¶ 13-15.
 {¶ 26} In this case, the Irwins did not present any evidence that the snow and ice upon which Mrs. Irwin slipped was anything but a natural accumulation. They did not present any evidence that the accumulation of snow and ice was man-made or caused. They did not present any evidence that Rite Aid had notice that the accumulation created a condition substantially more hazardous than visitors, such as themselves, should have anticipated. Insofar as the record discloses, Mrs. Irwin simply suffered a painful accident.
 {¶ 27} The first assignment of error lacks merit.
 {¶ 28} Under her second assignment of error, Mrs. Irwin contends it was improper for the trial court to dismiss the third party defendants, Genesis and SRSA, which had not filed for summary judgment. We respectfully believe Mrs. Irwin is operating under a misapprehension. The trial court's judgment entry granted summary judgment solely to Rite Aid. It included proper Civ. R. 54(B) language, making the grant of summary judgment appealable. We further take judicial notice of the trial court's docket, and note that the third party action continued to be prosecuted as of December 2008.
 {¶ 29} The second assignment of error lacks merit.
 {¶ 30} Under her third assignment of error, Mrs. Irwin contends the trial court misconstrued an answer given by Mrs. Irwin at her deposition. Counsel for SRSA asked: "What do you think Rite-Aid did wrong?" Mrs. Irwin replied: "I can't say for sure." *Page 9 
Mrs. Irwin contends she merely meant that she did not know if Rite Aid had committed a criminal act, that her answer had nothing to do with whether Rite Aid had committed a civil wrong — i.e., a tort — and that the trial court wrongfully relied upon this answer in granting summary judgment.
 {¶ 31} We respectfully note that in its judgment entry, the trial court stated it was granting summary judgment for the same reason we affirm: the evidence indicated that the accumulation of snow and ice upon which Mrs. Irwin fell was natural, and an open and obvious hazard. Nowhere does the trial court cite to this admission by Mrs. Irwin.
 {¶ 32} The third assignment of error lacks merit.
 {¶ 33} The judgment of the Trumbull County Court of Common Pleas is affirmed.
 {¶ 34} It is the further order of this court that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.
[1] At certain times, reference is made in the record to the pharmacy being located in Warren, Ohio. It appears that the correct address is 325 West Broad Street, Newton Falls, Ohio. Further, while Mrs. Irwin's husband had a related action for loss of consortium on which the trial court also granted summary judgment, he failed to notice an appeal.
[2] Evidently, the third party action remains pending before the trial court. *Page 1