[Cite as *Weitzel v. Trumbull Cty. Commrs.*, 2014-Ohio-5620.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DAVID G. WEITZEL, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2014-T-0034** |
| TRUMBULL COUNTY | : | |
| COMMISSIONERS, et al., | | |
| | : | |
| Defendant-Appellant. | | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2013 CV 1564.

Judgment: Affirmed.


*David M. Tschantz*, Gervelis Law Firm, 3790 Boardman-Canfield Road, Canfield, OH 44406 (For Plaintiffs-Appellees).

*Carl E. Cormany* and *Frank H. Scialdone*, Mazanec, Raskin & Ryder Co., L.P.A., 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} This case arises from an automobile accident between Deputy Jed Oakman of the Trumbull County Sheriff's Office and Mr. David G. Weitzel. Appellant, Trumbull County Commissioners ("the Commissioners"), appeals from the denial by the Trumbull County Court of Common Pleas of its motion for summary judgment based on statutory immunity. Pursuant to R.C. 2744.02(C), the trial court's denial of summary judgment is a final, appealable order. *See Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-

Ohio-4839, syllabus (holding that an order denying the benefit of an alleged immunity is a final, appealable order). For the following reasons, we affirm the judgment of the trial court.

{¶2} On April 20, 2013, Deputy Oakman was on duty with the Trumbull County Sheriff's Office. He was pulled off to the side of the road, facing north on State Route 193 in Vienna Township, Ohio, monitoring the speed of passing motorists with radar. As David G. Weitzel was proceeding north, Deputy Oakman pulled out from the side of the road, attempting to make a u-turn and head south, and struck Mr. Weitzel's vehicle. Mr. Weitzel sustained injuries as a result of the accident.

{¶3} On July 31, 2013, appellees, Mr. and Mrs. Weitzel, filed a complaint for personal injury and loss of consortium against the Commissioners and Deputy Oakman and for uninsured/underinsured motorist coverage against Allstate Insurance Company. Allstate answered on August 12, 2013, and filed a cross-claim for indemnity and subrogation against the defendants. Subsequently, the Weitzels filed an amended complaint, voluntarily dismissing Deputy Oakman from the action. On September 13, 2013, the Commissioners answered. Allstate filed an amended answer and cross-claim on October 9, 2013, but later dismissed its cross-claim.

{¶4} The Commissioners filed a motion for summary judgment based on political subdivision tort immunity, pursuant to R.C. Chapter 2744, and attached an affidavit of Deputy Oakman. The Weitzels responded and attached an affidavit of Mr. Weitzel, unfiled and uncertified pages of Deputy Oakman's deposition testimony, and the Commissioners' response to requests for production (which included a copy of Trumbull County's incident report and the Bureau of Workers' Compensation injury

2

report). The Commissioners filed a reply in support, in which it objected to the Weitzels' use of the deposition testimony and response to requests for production. The trial court denied the motion for summary judgment on April 10, 2014.

{¶5} The Commissioners filed a timely appeal, assigning one assignment of error for our review:

{¶6} "Because Trumbull County is immune pursuant to statute, the lower court committed prejudicial error by denying the Motion of Defendant Trumbull County Commissioners for Summary Judgment on First Amended Complaint."

{¶7} Summary judgment is appropriate under Civ.R. 56(C) when (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, viewing the evidence in favor of the nonmoving party, that conclusion favors the moving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶8} The moving party bears the initial burden to inform the trial court of the basis for the motion and to identify those portions of the record which demonstrate that there is no genuine issue of material fact to be resolved in the case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E)." *Fed. Home Loan Mtge. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶13, citing *Dresher* at 293.

3

{¶9} We review a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶10} The Commissioners contend the trial court erred when it found questions of fact exist and denied its motion for summary judgment based on immunity granted to a political subdivision in R.C. 2744.02(B)(1)(a). The Commissioners, in their official capacity, are entitled to the same statutory political subdivision status as Trumbull County. *See Carpenter v. Scherer-Mountain Ins. Agency*, 135 Ohio App.3d 316, 330 (4th Dist.1999), fn.4, citing *Wilson v. Stark Cty. Dept. of Human Serv.*, 70 Ohio St.3d 450, 453 (1994).

{¶11} Chapter 2744 of the Ohio Revised Code, the Political Subdivision Tort Liability Act, contains a comprehensive statutory scheme for the tort liability of political subdivisions and its employees. As summarized by the Ohio Supreme Court in *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, ¶7-9, a three-tiered analysis applies in matters implicating political subdivision immunity.

{¶12} First, R.C. 2744.02(A)(1), which grants immunity to a political subdivision from civil liability, provides:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

{¶13} Second, R.C. 2744.02(B)(1)-(5) enumerate five exceptions to the general grant of immunity. Of the five exceptions, only (B)(1) is applicable in the instant case. Pursuant to R.C. 2744.02(B)(1), although a political subdivision generally enjoys

4

immunity from civil tort liability, it is nonetheless held liable for its employees' negligent operation of a motor vehicle, with certain exceptions. R.C. 2744.02(B) provides, in pertinent part:

> Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. * * *

{¶14} Third, R.C. 2744.02(B)(1) further enumerates three full defenses to that liability. Of the three defenses, only section (a) is applicable in the instant case. R.C. 2744.02(B)(1)(a) states: "A member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct[.]"

{¶15} Therefore, immunity is available to the Commissioners only if it can successfully establish that (1) Deputy Oakman was operating a motor vehicle while "responding to an emergency call" when his vehicle struck Mr. Weitzel's vehicle, and (2) "the operation of the vehicle did not constitute willful or wanton misconduct." R.C. 2744.02(B)(1)(a).

{¶16} The trial court found that questions of fact exist on both prongs: specifically, (1) whether there was a speeding motorist traveling in the opposite direction and (2) whether Deputy Oakman activated his sirens prior to entering the roadway. We

5

agree the evidentiary material permitted to be considered under Civ.R. 56 establishes questions of fact that, when construed in a manner most favorable to the nonmoving party, do not warrant a grant of summary judgment.

{¶17} Pursuant to R.C. 2744.01(A), an "emergency call" is defined as "a call to duty including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." The Ohio Supreme Court further interpreted an "emergency call" as "a situation to which a response by a peace officer is required by the officer's professional obligation." *Colbert*, *supra*, at syllabus.

{¶18} In his affidavit, Deputy Oakman avers that as he was monitoring the speed of motorists on the road with radar, he "observed that an oncoming (southbound) motorist was exceeding the speed limit. Under the circumstances, it was my professional obligation to pursue the speeding motorist." This assertion was directly refuted by Mr. Weitzel in his own affidavit: "I did not observe any traffic traveling southbound past my vehicle, prior to the collision. I spoke to Deputy Oakman after the collision, and he made no mention that he was entering the roadway to pursue a speeding vehicle."

{¶19} Whether Deputy Oakman was responding to an emergency call is a question of fact. *Malone v. Torres*, 8th Dist. Cuyahoga No. 92878, 2010-Ohio-157, ¶23, citing *Horton v. Dayton*, 53 Ohio App.3d 68 (2d Dist.1988). The evidence submitted by the parties on this issue is in direct conflict. The record does not contain any independent corroborating evidence as to whether there was a speeding motorist on the

6

road prior to the accident. "As such, this issue centers on the credibility of the witnesses and is not properly considered on summary judgment." *Id.*

{¶20} Further, "'because the line between such misconduct and ordinary negligence is sometimes a fine one depending on the particular facts of a case, it is generally recognized that such issue is for the jury to decide. The issue should not be withheld from the jury where reasonable minds might differ as to the import of the evidence.'" *Thompson v. Smith*, 178 Ohio App.3d 656, 2008-Ohio-5532, ¶43 (11th Dist.), quoting *Reynolds v. Oakwood*, 38 Ohio App.3d 125, 127 (2d Dist.1987).

{¶21} Mr. Weitzel averred that "[t]he Trumbull County Sheriff's vehicle was not displaying any emergency lights or audible sirens." Deputy Oakman's affidavit is silent on this point. Although failure to activate his emergency lights or siren is not dispositive of this issue, it is a significant factor to consider "in conjunction with all the other circumstances" of the case. *Reynolds* at paragraph two of the syllabus. Accordingly, the trial court properly deferred to the jury for a determination of whether Deputy Oakman utilized his emergency lights or siren.

{¶22} Regardless of that specific determination, it is for the fact finder to decide whether Deputy Oakman failed to exercise any care to Mr. Weitzel under circumstances where there was a great probability that harm would result from his lack of care (i.e., wanton), and whether he intentionally deviated from a clear duty with a deliberate purpose not to discharge some duty necessary to safety (i.e., willful). *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, ¶32-33; *see also Thompson* at ¶46. In so holding, we emphasize that the purpose of this review and "[t]he purpose of summary judgment is not to try issues of fact, but rather to determine whether triable

issues of fact exist." *McGee v. Goodyear Atomic Corp.*, 103 Ohio App.3d 236, 242-243 (4th Dist.1995).

{¶23} In its appellate brief, the Commissioners also raise arguments concerning the evidentiary value of items attached to Mr. Weitzel's response to the motion for summary judgment. First, Mr. Weitzel attached unverified portions of testimony from Deputy Oakman's deposition, which was never filed with the trial court. The Commissioners objected to the form and substance of this deposition testimony, in a footnote contained in its reply in support of summary judgment, as "failing to comply with the evidentiary requirements of Civil Rule 56[.]" On appeal, the Commissioners cite *Royce v. Yardmaster, Inc.*, 11th Dist. Lake No. 2007-L-080, 2008-Ohio-1030, in support of its argument: "This court has held that it is within the discretion of the trial court, when ruling on a motion for summary judgment, to consider or not to consider unfiled and uncertified portions of deposition testimony, *where no objection was made* to the form or substance of the deposition testimony." *Id.* at ¶36 (emphasis added). Therefore, the Commissioners contend that because it objected below, the trial court did not have discretion to consider the deposition testimony.

{¶24} In addition, Mr. Weitzel attached a copy of the Commissioners' response to requests for production of documents, which included a copy of Trumbull County's incident report and the Bureau of Workers' Compensation injury report. In another footnote in its reply, the Commissioners objected to these attachments, "in unauthenticated form, as they fail to comply with Civil Rule 56." In support on appeal, the Commissioners cite *Rilley v. Brimfield Twp.*, 11th Dist. Portage No. 2009-P-0036, 2010-Ohio-5181, ¶66: "[D]ocuments submitted in opposition to a motion for summary

8

judgment must be sworn, certified or authenticated by affidavit to be considered by the trial court in determining whether a genuine issue of material fact exists for trial. *Sintic v. Cvelbar*, 11th Dist. Lake No. 95-L-133, 1996 Ohio App. LEXIS 3009 (July 5, 1996), *5."

{¶25} However, it is not necessary for us to consider these documents or the Commissioners' objections because Mr. Weitzel's affidavit, standing alone, is sufficient to raise genuine issues of material fact that withstand summary judgment.

{¶26} We therefore hold the trial court properly declined to invade the province of the jury when it denied summary judgment sought by the Commissioners on the issue of whether it is entitled to immunity pursuant to R.C. 2744.02(B)(1)(a). The Commissioners' sole assignment of error is without merit.

{¶27} The judgment of the Trumbull County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.