[Cite as *Rudnicki v. Andersons, Inc.*, 2016-Ohio-8004.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Barbara Rudnicki

Court of Appeals No. L-16-1078

Appellant

Trial Court No. CI0201404913

v.

The Andersons, Inc., et al.

**DECISION AND JUDGMENT**

Appellee

Decided: December 2, 2016

* * * * *

John A. Coble, Joseph F. Albrechta, and George J. Schrader, for appellant.

Elizabeth J. Hall and James R. Jeffery, for appellee.

* * * *

**YARBROUGH, J.**

## I. Introduction

**{¶ 1}** Appellant, Barbara Rudnicki, appeals the judgment of the Lucas County Court of Common Pleas, granting summary judgment in favor of appellee, The Andersons, Inc., on appellant's premises liability claim stemming from a slip and fall accident that occurred on appellee's property.

## A. Facts and Procedural Background

{¶ 2} On December 8, 2014, appellant filed a complaint against appellee in which she alleged that appellee failed to adequately maintain certain walkways at its retail store located in Maumee, Lucas County, Ohio, resulting in the formation of black ice. According to the complaint, appellant was a patron at the Maumee store on December 30, 2012. On that date, appellant and her husband were walking under an overhang attached to the store entrance when appellant suddenly slipped and fell on the walkway, which was allegedly covered with a "hidden sheet of unsalted black ice." Appellant injured her left wrist during the fall, ultimately requiring surgery. Based upon her assertion that the black ice was "not naturally occurring, but rather the result of [appellee's] drainage and clearance activities," appellant sought damages from appellee in excess of $25,000.

{¶ 3} On January 6, 2015, appellee filed its answer, in which it generally denied appellant's allegations and asserted seven affirmative defenses. Relevant here, appellee stated that appellant was barred from recovery on her premises liability claim because the conditions of the walkway at its Maumee store were open and obvious.

{¶ 4} The matter proceeded through discovery, during which depositions were taken from appellant and the manager of appellee's Maumee store, James Whitehead. Thereafter, appellee filed its motion for summary judgment, in which it noted that Ohio law does not permit recovery from a landowner for injuries occurring on the landowner's property stemming from the natural accumulation of ice and snow. Appellee asserted that it was entitled to summary judgment on appellant's premises liability claim because

2.

the evidence demonstrated that the ice upon which appellant fell was a naturally occurring, open and obvious hazard, the existence of which appellee had no knowledge.

{¶ 5} On December 16, 2015, appellant filed her memorandum in opposition to appellee's motion for summary judgment. In her memorandum, appellant argued that the black ice was not visible to a person walking on the walkway, and was consequently not an open and obvious hazard. Further, appellant contended that the black ice was not naturally occurring but, rather, was the product of water dripping from the poorly designed gutter system attached to the overhang above the walkway. According to appellant, the water froze as a result of appellee's negligent failure to monitor the conditions of the walkway. Relying, in part, upon Whitehead's deposition testimony, appellant stated that "the transparent ice upon which [she] fell was neither a natural accumulation nor open and obvious. At the very least, both of these propositions are subject to genuine issues of material fact upon which summary judgment must be denied."

{¶ 6} Upon consideration of the foregoing, the trial court issued its decision on appellee's motion on March 18, 2016. In its decision, the trial court found that there was no evidence to support appellant's claim that appellee was actively negligent in permitting or creating the accumulation of ice on the walkway underneath the overhang. In so finding, the court noted Whitehead's uncontroverted deposition testimony, in which he stated that the walkway where appellant fell had never needed salting or shoveling because of the protection of the overhang. Whitehead also testified that he was unaware

3.

of any defects in the gutter system that would lead to a buildup of ice on the walkway, especially since the gutters drained into an underground drain. Consequently, the trial court granted appellee's motion for summary judgment.

## B. Assignment of Error

{¶ 7} Appellant has timely appealed the trial court's grant of summary judgment to appellee. On appeal, appellant asserts the following assignment of error:

{¶ 8} The trial court erred by granting summary judgment and dismissing plaintiff's claims against defendant.

## II. Analysis

{¶ 9} In appellant's sole assignment of error, she argues that the trial court erred in granting appellee's motion for summary judgment.

{¶ 10} We review the grant of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

4.

{¶ 11} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). In doing so, the moving party must point to some evidence in the record in the form of "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C); *Dresher* at 292-293. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. *Id.* at 293.

{¶ 12} In a negligence action, a plaintiff must prove (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). The status of the person who enters upon the land of another defines the scope of legal duty that the landowner owes the entrant. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996).

{¶ 13} In this case, the parties agree that appellant was a business invitee. A landowner ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the premises, or to warn invitees of the dangers associated with such natural accumulations of ice and snow. *Brinkman v. Ross*, 68 Ohio St.3d 82, 83-84, 623 N.E.2d 1175 (1993); *Jeswald v. Hutt*, 15 Ohio St.2d 224, 239 N.E.2d 37 (1968), paragraph one of the syllabus; *Abercrombie v. Byrne-Hill Co., Ltd.*, 6th Dist. Lucas No.

5.

L-05-1010, 2005-Ohio-5249, ¶ 12. This rule is known as the "no-duty winter rule." *Miller v. Tractor Supply Co.*, 6th Dist. Huron No. H-11-001, 2011-Ohio-5906, ¶ 8.

{¶ 14} Appellant argues at the outset that the buildup of black ice on which she slipped was unnatural insofar as it was caused by the defective gutter system installed on the overhang above the walkway. An exception to the "no-duty winter rule" exists where the landowner is actively negligent in permitting or causing an unnatural accumulation of ice or snow. *Lopatkovich v. Tiffin*, 28 Ohio St.3d 204, 207, 503 N.E.2d 154 (1986). "Unnatural accumulation" refers to "causes and factors other than the inclement weather conditions of low temperature, strong winds and drifting snow, i.e., to causes other than the meteorological forces of nature." *Porter v. Miller*, 13 Ohio App.3d 93, 95, 468 N.E.2d 134 (6th Dist.1983). "[S]ince the build-up of snow and ice during winter is regarded as a natural phenomenon, the law requires, at the very least, some evidence of an intervening act by the [landowner] that perpetuates or aggravates the pre-existing, hazardous presence of ice and snow." *Id.*

{¶ 15} Relevant here, Whitehead testified that the runoff from the gutters drained directly into the ground, thereby precluding any runoff from flowing onto the walkway below. Notably, the record contains no evidence that appellee was aware of the presence of ice on the walkway caused by runoff from the overhang. Further, Whitehead testified that the walkway was not routinely shoveled or salted because the area was sheltered from wintry accumulation by the overhang and no customers had fallen on the walkway in the past. On such facts, we find that appellee was not actively negligent in permitting

6.

an unnatural accumulation of ice on the walkway leading to appellant's fall. *Compare Sleeper v. Casto Mgmt. Servs.*, 10th Dist. Franklin No. 12AP-566, 2013-Ohio-3336, ¶ 39 ("In the absence of some evidence indicating that [the landowner] had knowledge of the leaky gutter, we cannot find that [the landowner] was actively negligent in creating or permitting the ice to exist in the parking lot.") *with Tyrrell v. Investment Assoc. Inc.,* 16 Ohio App.3d 47, 48, 474 N.E.2d 621 (8th Dist.1984) (reversing trial court's directed verdict in favor of landowner where there was evidence that landowner's employees "were aware for several years that water occasionally dripped from the edge of the canopy and formed ice in front of his store").

{¶ 16} Accordingly, appellant's sole assignment of error is not well-taken.

### III.  Conclusion

{¶ 17} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.          _____
                                                                        JUDGE
Stephen A. Yarbrough, J.

James D. Jensen, J.          _____
CONCUR.                                                    JUDGE


_____
                                                                        JUDGE


7.