[Cite as *Bryant v. Indus. Power Sys., Inc.*, 2018-Ohio-1741.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Ian Bryant                                              Court of Appeals No. L-17-1202

      Appellant                                     Trial Court No. CI0201601080

v.

Industrial Power Systems, Inc., et al.          **DECISION AND JUDGMENT**

      Appellees                                     Decided:  May 4, 2018

* * * * *

Robert L. Gresham, Michael L. Wright and Kesha Q. Brooks,
for appellant.

Paul R. Bonfiglio, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common

Pleas, granting summary judgment in favor of defendants-appellees, Industrial Power

Systems, Inc., and Kevin Grey, on plaintiff-appellant's, Ian Bryant, complaint for injuries

suffered as a result of his fall on appellees' property. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} The underlying facts in this case are undisputed. In the late morning of March 15, 2015, appellant arrived at appellees' place of business to pick up a trailer that was stored outside. Pictures taken on the day of the accident revealed that there were patches of snow and ice throughout the lot of the storage facility. Appellant typed in his code to enter the gate to the facility, then drove to where his trailer was parked, and backed his truck up to the trailer. Appellant testified in his deposition that when he stepped out of his truck, he slipped and fell, seriously injuring his knee. Notably, the storage facility was an open, uncovered lot, and there were no trees or shrubs blocking appellant's view.

{¶ 3} On January 8, 2016, appellant filed his complaint, in which he alleged that he fell on an ice formation that was caused by a clogged drain. Appellant asserted one claim of premises liability in that appellees negligently failed to maintain the premises or warn him of the clogged drain and resulting ice formation, and one claim of negligence per se for violating R.C. 723.011 by failing to maintain the gutters in reasonable repair.

{¶ 4} Following discovery, appellees moved for summary judgment, arguing that they owed no duty to appellant because the snow and ice were an open and obvious winter condition. Alternatively, they argued that appellant's claims must fail because he was unable to articulate what condition caused him to fall and where it was located, and

2.

because appellant's negligence in failing to take proper precautions in winter conditions outweighed any negligence by appellees as a matter of law.

{¶ 5} Appellant responded by arguing that the accumulation of snow and ice was unnatural, and was caused by a deficiently designed, constructed, and maintained gutter and drainage system. With his opposition, appellant submitted an affidavit and report from Richard Zimmerman, a licensed professional architect. Zimmerman opined that the drainage system did not allow the water to flow away freely. Thus, the water backed up and pooled at the location of the drain, and then froze in the cold weather. Alternatively, appellant argued that a genuine issue of material fact existed regarding whether the ice on which he fell was an open and obvious danger, and whether he was negligent as he was stepping out of his vehicle.

{¶ 6} On July 18, 2017, the trial court granted appellees' motion for summary judgment.

## II. Assignments of Error

{¶ 7} Appellant has timely appealed the trial court's July 18, 2017 judgment, and now presents five assignments of error for our review:

> 1. The trial court erred in finding that there was no question of fact as to whether Defendant-Appellee's inadequate drainage created an unnatural accumulation of snow and ice.

> 2. The trial court misapplied the "active negligence" and notice requirements in a case involving a claimed unnatural accumulation of snow

3.

and ice that contributed to the Plaintiff-Appellant's fall at Defendants-Appellees' property, thereby sustaining Defendant-Appellee's Motion for Summary Judgment.

3. The trial court erred in considering the open and obvious doctrine in a case involving an unnatural accumulation of snow and ice.

4. The trial court erred in finding that the open and obvious doctrine applies as a matter of law under the facts of this case.

5. The trial court erred by failing to find that Appellees are liable for failing to keep common areas free of ice and snow.

### III. Analysis

{¶ 8} We review the grant or denial of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 9} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio

4.

St.3d 280, 292, 662 N.E.2d 264 (1996). In doing so, the moving party must point to some evidence in the record in the form of "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C); *Dresher* at 292-293. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. *Dresher* at 293.

{¶ 10} To establish a cause of action for negligence, a plaintiff must show "the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom." *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998). In general, a landowner owes business invitees, such as appellant, "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985).

### A. Unnatural Accumulation of Ice and Snow

{¶ 11} Because appellant's first four assignments of error address whether the accumulation of ice and snow was unnatural, thereby giving rise to a duty on the part of appellees to remedy the danger or warn appellant, we will consider the assignments of error together.

{¶ 12} It is well established that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow, or to warn the invitee of the dangers associated with such natural accumulations of ice and snow.

5.

*Brinkman v. Ross*, 68 Ohio St.3d 82, 83, 623 N.E.2d 1175 (1993). This is known as the "no-duty winter rule." *Miller v. Tractor Supply Co.*, 6th Dist. Huron No. H-11-001, 2011-Ohio-5906, ¶ 8. The underlying rationale of the rule is that living in Ohio during the winter has its inherent dangers. Thus, "everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow." *Brinkman* at 84.

{¶ 13} Ohio courts, however, recognize an exception to the "no-duty winter rule" where the landowner is actively negligent in permitting or causing an unnatural accumulation of ice or snow. *Rudnicki v. Andersons, Inc.*, 6th Dist. Lucas No. L-16-1078, 2016-Ohio-8004, ¶ 14, citing *Lopatkovich v. Tiffin*, 28 Ohio St.3d 204, 207, 503 N.E.2d 154 (1986). "'Unnatural' accumulation must refer to causes and factors *other than* the inclement weather conditions of low temperature, strong winds and drifting snow, i.e., to causes other than the meteorological forces of nature. By definition, then, the 'unnatural' is the manmade, the man-caused." (Emphasis sic.) *Porter v. Miller*, 13 Ohio App.3d 93, 95, 468 N.E.2d 134 (6th Dist.1983).

{¶ 14} Here, for purposes of our analysis, we will assume that the ice upon which appellant slipped was an unnatural accumulation caused by a defective drainage system. Nonetheless, we hold that appellees did not owe a duty to appellant because they were not actively negligent in permitting or causing the unnatural accumulation.

6.

**{¶ 15}** In this case, there is no evidence in the record that appellees actively caused the unnatural accumulation of ice. Rather, appellant alleges that appellees were actively negligent in not maintaining the gutters and drainage system, thereby permitting the water to pool and freeze. However, to be found actively negligent for permitting an unnatural accumulation of snow and ice, appellees must have been shown to have had knowledge of the condition. *Compare Tyrrell v. Invest. Assocs., Inc.*, 16 Ohio App.3d 47, 474 N.E.2d 621 (8th Dist.1984) (directed verdict for business reversed where there was evidence that the business's employees knew about the hazard from a dripping canopy which periodically created an icy patch where the plaintiff fell) *with Sleeper v. Casto Mgmt. Servs.*, 10th Dist. Franklin No. 12AP-566, 2013-Ohio-3336, ¶ 39 ("In the absence of some evidence indicating that [the owner] had knowledge of the leaky gutter, we cannot find that [the owner] was actively negligent in creating or permitting the ice to exist in the parking lot.").

**{¶ 16}** Here, the record contains no evidence that appellees were aware of the condition that caused the unnatural accumulation of ice. Appellees' representative, Jordan Pingle, testified that appellees were not aware of any issue with improper drainage causing ice, and that no one had ever issued a complaint about improper drainage or unnatural ice accumulation. Further, appellant, himself, testified that he had never noticed ice by the drain or complained about any problems with the drain, and that he did not know of anyone else who had fallen near the drain or complained about the condition of the drain. Therefore, we hold that appellees were not actively negligent in permitting

7.

the unnatural accumulation of ice. *See Rudnicki*, 6th Dist. Lucas No. L-16-1078, 2016-Ohio-8004, at ¶ 15 (business not actively negligent in permitting an unnatural accumulation of ice where the record contains no evidence that it was aware of the presence of ice on the walkway caused by runoff from the overhang); *Daley v. Fryer*, 2015-Ohio-930, 30 N.E.3d 213, ¶ 23 (3d Dist.) (no active negligence where there is no evidence the defendants had knowledge that the roof and drainage system were defective or that the gutter had a tendency to form icy patches on the sidewalk below); *Kaeppner v. Leading Mgmt.*, 10th Dist. Franklin No. 05AP-1324, 2006-Ohio-3588, ¶ 20 (defendant not actively negligent where the record contains no evidence that it knew or should have known of a hazard from the allegedly leaking canopy). Thus, appellant has not shown that appellees owed him a duty, and his claims for negligence must fail on this basis.

{¶ 17} Accordingly, appellant's first, second, third, and fourth assignments of error are not well-taken.

### B. Duty by Implied Contract

{¶ 18} In his fifth assignment of error, appellant argues that appellees owed him a duty pursuant to an implied contract to keep the common approaches free of ice and snow. In support, appellant cites *Oswald v. Jeraj*, 146 Ohio St. 676, 67 N.E.2d 779 (1946), paragraph one of the syllabus, in which the Ohio Supreme Court held, "The owner of an apartment building who reserves possession and control of the common approaches which provide ingress to and egress from such building to and from the public sidewalk and who assumes the duty of keeping such approaches clean and free

8.

from ice and snow is required to exercise ordinary care to render such common approaches reasonably safe for use by the tenants."

{¶ 19} Although never expressly overruled, the Ohio Supreme Court has limited the application of *Oswald*. In *Sidle v. Humphrey*, 13 Ohio St.2d 45, 49, 233 N.E.2d 589 (1968), the court commented that "[e]ach paragraph of the syllabus of the *Oswald* case is either limited to an action by the tenant against the landlord or to the duty owed by the landlord to the tenant." Further, it was apparent that "the duty of the landlord to the tenant as to removal of snow and ice was there based upon an implied agreement between them." *Id.* The court then held that a landlord owes no greater duty to a business invitee of a tenant than the common-law duty that any other occupier of premises would owe to his business invitee. *Id.* Thus, the common-law "no-duty winter rule" and the exceptions thereto apply in this matter, and as discussed above, appellant has not demonstrated that appellees owed him a duty under that framework.

{¶ 20} Accordingly, appellant's fifth assignment of error is not well-taken.

## IV. Conclusion

{¶ 21} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE


| This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/. |
| --- |